**COMMUNITY INVESTERS IX, LTD., Appellant,**

v.

**PHILLIPS PLASTERING COMPANY et al., Appellees.**

**No. A2242.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 16, 1980.

Charles E. Fitch, Lawrence Russo, III, De Lange, Hudspeth, Pitman & Katz, Houston, for appellant.

Robert E. Price, Lockett, Embry & Cantey, Houston, Joe Resweber, County Atty., Billy E. Lee, Asst. County Atty., Houston, for appellees.

Before BROWN, C. J., and MILLER and PRESSLER, JJ.

MILLER, Justice.

Community Investors IX, Ltd., plaintiff below, appeals from a judgment which denied it an order permanently enjoining Phillips Plastering Company from foreclosing a judgment lien against the Rice Hotel in downtown Houston. We reverse and render.

The order of events is as follows:

1/20/76—Rice University, the fee owner of the Rice Hotel property, leased the land on which the hotel stands and by separate instrument conveyed all the improvements to James M. Cazanas, Trustee.

7/20/76—Defendant Phillips, which had been engaged to do plastering work, filed its Affidavit for Mechanics and Materialmens Lien seeking to impress a lien upon both the land and improvements.

7/30/76—James M. Cazanas, Trustee, executed a deed of Trust, covering the leasehold interest in the land and the fee simple interest in the improvements, to secure a $1,000,000.00 construction loan from Southern National Bank of Houston.

2/3/77—James M. Cazanas, Trustee, sold his leasehold interest in the land and his fee interest in the improvements to Rice Hotel Corporation, and confirmed this sale by warranty deed on February 4.

2/4/77—Rice Hotel Corporation filed its petition under Chapter XI of the Federal Bankruptcy Act, in which petition the Rice Hotel was listed as an asset.

2/9/77—Without the consent of the bankruptcy court, Phillips secured an agreed judgment in the 190th District Court of Harris County against the Rice Hotel Corporation, Rice Hotel Incorporated, Rittenhouse Management of Texas, Inc., and James M. Cazanas, Trustee, for the sum of $25,059.92 plus attorney's fees of $2,505.99, and, additionally judgment for foreclosure of the lien on the Rice Hotel real estate.

4/8/77—The bankruptcy court gave permission for Southern National Bank to foreclose on its lien.

9/6/77—Rice Preservation Society acquired the property at the foreclosure sale.

3/2/78—Rice Preservation Society entered into a termination of lease agreement with Rice University.

3/31/78—Rice University conveyed the land and all of its right and interest to the improvements to Rice Preservation Corporation, which, on the same day, conveyed all of the land and improvements to appellant.

When appellee attempted to execute its judgment lien on the property, appellant filed its petition seeking to enjoin the threatened sale of the property and enforcement of the prior judgment against appellant. The trial court held the judgment of February 9, 1977, a valid and enforceable judgment, and denied the application for a permanent injunction.

Appellant asserts as his principal point of error that the judgment foreclosing Phillips' mechanic lien against the property is void and unenforceable because at the time of its rendition the automatic stay provision of the Federal Bankruptcy Act deprived the court of jurisdiction. Rule 11–44, Rules of Bankruptcy Procedure (1976), in pertinent part, reads as follows:

(a) *Stay of Actions in Lien Enforcement.* A petition filed under Rule 11–6 or 11–7 shall operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding, except a case pending under Chapter X of the Act, for the purpose of the rehabilitation of the debtor or the liquidation of his estate.

(b) *Duration of Stay.* Except as it may be deemed annulled under subdivision (c) of this rule or may be terminated, annulled, modified, or conditioned by the

bankruptcy court under subdivision (d), (e), or (f) of this rule, the stay shall continue until the case is closed, dismissed, or converted to bankruptcy or the property subject to the lien is, with the approval of the court, abandoned or transferred.

Under this rule it is clear that any secured creditor must, while the property is in the custody of the bankruptcy court, secure permission of that court in order to foreclose on his collateral. *Matter of Freed & Co.*, 534 F.2d 1235 (6th Cir. 1976). While the automatic stay provision was operative the court below was deprived of jurisdiction over the Rice Hotel Corporation and the Rice Hotel property, *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940), and such deprivation of jurisdiction continued until the property was transferred or abandoned or the stay was annulled. This court stated in *Claude Regis Vargo Enterprises, Inc. v. Bacarisse*, 578 S.W.2d 524, 528 (Tex.Civ.App.–Houstin [14th Dist.] 1979 writ ref'd n. r. e.) that where the petition for bankruptcy is properly pursued, unless an automatic stay is annulled, a subsequent foreclosure sale will not be validated. It must follow that all proceedings of the district court, between the time the bankruptcy petition was filed and the time of the order modifying the automatic stay so as to permit the Southern National Bank to foreclose its lien, were without jurisdiction and, hence, void as to the property and the Rice Hotel Corporation. When the bankruptcy court issued its order permitting foreclosure it effectively abandoned the property, and Phillips should have asserted its remedy in that court at that time. *First Southern Properties, Inc. v. Vallone*, 533 S.W.2d 339 (Tex.Sup.1976).

Appellee maintains that the judgment of the district court was voidable rather than void, and, never having been voided, retains its vitality. In support of this proposition, appellee cites *Easterline v. Bean*, 121 Tex. 327, 49 S.W.2d 427 (1932). That case, however, ruled that ". . . a void judgment is one entirely null within itself, and which is not susceptible of ratification or confir-

mation and its nullity cannot be waived. Such is the judgment of a court having no jurisdiction over the subject-matter adjudicated." 49 S.W.2d 429. That proposition fits the instant case.

In *First Southern Properties, Inc. v. Vallone, supra*, our Supreme Court cited with approval the following excerpt from *Palmer v. Texas*, 212 U.S. 118, 29 S.Ct. 230, 53 L.Ed. 435 (1909): ". . . . If a court of competent jurisdiction, Federal or state, has taken possession of property, or by its procedure has obtained jurisdiction over the same, such property is withdrawn from the jurisdiction of the courts of the other authority as effectually as if the property had been entirely removed to the territory of another sovereignty."

Because of our holding on appellant's principal point of error, we do not reach its other assignments of error.

The judgment of the court below is reversed and judgment is here rendered that so much of the judgment of the district court of February 9, 1977, as applies to Rice Hotel Corporation and the property therein described is void, and appellee herein is permanently enjoined from executing that part of the judgment.

Reversed and rendered.