Edward E. WALLEN, et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 13863.

Court of Appeals of Texas,
Austin.

March 7, 1984.

David B. Dickinson, Houston, for appellants.

Jim Mattox, Atty. Gen., Gilbert Bernal, Asst. Atty. Gen., Austin, for appellee.

Before PHILLIPS, C.J., and EARL W. SMITH and GAMMAGE, JJ.

PHILLIPS, Chief Justice.

Edward E. Wallen and Equitable Insurance Exchange appeal from the judgment of the trial court which, following a nonjury trial, decreed that the State of Texas recover from appellants for gross receipts taxes found due and unpaid.

We abate Wallen's appeal to enable him to request additional findings of fact. We affirm the judgment as regards Equitable.

Wallen was a mixed beverage permittee during the period for which taxes were found to be owing. Equitable had executed two bonds to secure payment of Wallen's taxes.

On January 8, 1981 the State filed its original petition in district court. Service was made upon Equitable, and it timely filed an answer. Service was not made upon Wallen until June 17, 1981. On November 16, 1981, the trial court rendered an interlocutory default judgment against Wallen; as of that day he had filed no answer.

On July 19, 1982 the State and Equitable proceeded to trial based upon the State's claim on the bond. On this same day Wallen filed an answer and appeared in court. Because of the entry of the default judgment, the trial court refused to consider Wallen's answer or to allow Wallen to contest the State's tax audit. The trial court did, however, permit Wallen to introduce evidence regarding bankruptcy proceedings had against Wallen. Wallen contended before the trial court that he had received service of citation at a time when the bankruptcy court's automatic stay of collection efforts was in effect, and that, as a result, service was void. He asserted that the trial court therefore lacked jurisdiction to enter the November 16th default judgment.

Wallen testified that he had filed for bankruptcy in April of 1981 and that he was discharged from bankruptcy on September 10, 1981. Wallen's attorney testified that on the Friday prior to the Monday trial, he, the attorney, had attempted to obtain certified copies of the entire bankruptcy file from the bankruptcy court, but that the bankruptcy office was "closed the entire day for the transfer of files."

The trial court refused to admit into evidence a document offered by Wallen which was entitled "Order for Meeting of Creditors and Fixing Times for Filing Objections to Discharge and for Filing Complaints to Determine Dischargeability of Certain Debts, Combined with Notice Thereof and of Automatic Stay." The State objected to admission of the document on the ground that it was neither an original document nor a properly certified copy. Wallen does not complain before this Court of the trial court's refusal to admit this document.

In its final judgment the trial court made final the interlocutory default judgment against Wallen. It additionally found that the State was entitled to recover from Equitable a portion of the amount owed by Wallen (up to the limits of the bonds). It is undisputed that the trial court had jurisdiction to enter the final judgment against Wallen, since he appeared in court.

Following a timely request and reminder by appellant, the trial court failed to timely file findings of fact and conclusions of law. Findings and conclusions were filed on December 14, 1982, which was approximately two weeks past the statutory deadline for filing such. The findings and conclusions reached this court by supplemental transcript on January 5, 1983.

Although Equitable has filed a cost bond, and has thereby perfected an appeal, it has submitted no brief. It has neither raised any points of error nor requested any relief. For that reason we will affirm that portion of the judgment which assesses Equitable's liability.

Wallen presents four points of error. Because of the disposition we here make, we consider only points one, two, and four, which provide as follows: (1) that the trial court erred in assuming jurisdiction over Wallen since service upon him was effected during his bankruptcy and was therefore void; (2) that the trial court erred in entering judgment against Wallen based upon the interlocutory default judgment, and (4) that the trial court erred in filing its findings of fact and conclusions of law after it lost jurisdiction and control over the case and beyond the time when Wallen could request additional or supplemental findings.

■ We initially note that if the trial court had jurisdiction to render the interlocutory default judgment, then we cannot find any abuse of discretion in its refusal to consider Wallen's answer, in its refusal to

allow Wallen to introduce evidence attacking the State's tax audit, or in its rendition of a final judgment based in part upon the interlocutory default judgment. Tex.R.Civ. P.Ann. 240 & 241 (1976); *Kemp v. Harrison,* 431 S.W.2d 900 (Tex.Civ.App.1968, writ ref'd n.r.e.); 33 Tex.Jur.2d Judgments § 128 (1962). We find no abuse of discretion on the part of the trial court in refusing to consider Wallen's answer and evidence as to the merits, since Wallen, without explanation as to delay, failed to offer such answer until the day of trial on Equitable's liability (over a year after Wallen was served).

The question thus arises as to whether the trial court had jurisdiction to enter the interlocutory default judgment. The filing of a petition in bankruptcy operates as an automatic stay of certain actions against the debtor. 11 U.S.C.A. § 362(a) (1979 & Supp.1983). Among the actions stayed by 11 U.S.C.A. § 362(a) are the following:

(1) the commencement or continuation, including the issuance of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

\* \* \* \* \* \*

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title. . . .

*Id.* § 362(a)(1) & (6).

■ Actions taken in violation of the automatic bankruptcy stay are void even when there is no actual notice of the existence of the stay. *Kalb v. Luce,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *In re Eisenberg,* 3 Collier Bankr.Cas.2d 440 (B.Ct., E.D.N.Y.1980); *In re Wheeler,* 2 Collier Bankr.Cas.2d 980 (B.Ct., N.D.Ga. 1980); 2 Collier on Bankruptcy ¶ 362.11 (1983); *See Community Investers v. Phillips Plastering,* 593 S.W.2d 418 (Tex.Civ. App.1980, no writ).

■ We hold that the citation served upon Wallen was the type of action which is subject to the automatic stay. If service was made upon him during the pendency of the stay, such was *void* and without legal effect. The State points to the legislative history of 11 U.S.C.A. § 362 in an attempt to show that the citation served upon Wallen was not the type of process intended to be affected by the automatic stay; the provisions cited by the State do not support that proposition.

■ In order for a court to proceed to judgment in an action, citation must have been issued and served on the defendant in one of the ways authorized by law; one of the objects of requiring that citation be issued in a way authorized by law is to give jurisdiction to the court in which the petition is filed. *Bozeman v. Arlington Heights Sanitarium,* 134 S.W.2d 350 (Tex. Civ.App.1939, writ ref'd). Cases invalidating default judgments, based upon violations of state statutory requirements for form of citation and method of service, are legion. *See* 4 McDonald, Texas Civil Practice § 17.23.2 n. 40 & 42 (1971 & Supp. 1983). We hold that service made in violation of federal law must be afforded the same treatment. *Cf. Kalb v. Luce, supra* (Congress can limit the jurisdiction which state courts can exercise over the person and property of a debtor who duly invokes bankruptcy law; states cannot, in the exercise of control over local laws and practice, vest state courts with power to violate the supreme law of the land).

The automatic stay continues in effect only until the debtor is granted a discharge by the bankruptcy court. The State points to Wallen's testimony that he was discharged from bankruptcy on September 10, 1981. They argue that since he had citation in hand for a sufficient number of days after discharge, that the trial court had jurisdiction on November 16, 1981 to render a default judgment against him. This ignores the fact that the citation in hand, if issued during the automatic-stay period, was *void,* and that service, if made

during the automatic-stay period, was *not made in a manner authorized by law.*

Therefore, if Wallen was served at a time after he filed a bankruptcy petition, but prior to discharge from bankruptcy, then the trial court erred in rendering the interlocutory default judgment against him, and in rendering a final judgment against him based upon that interlocutory default judgment.

The trial court made numerous findings of fact. However, it failed to make any findings relating to bankruptcy. Wallen contends that the evidence pertaining to bankruptcy is undisputed, and that it was proved as a matter of law that he was served at a time when the automatic stay was in effect.

■ The evidence relied on by Wallen consists of his own testimony; he was an interested witness since he was a party to the action. An interested witness' uncontradicted testimony can do no more than raise an issue of fact unless such testimony is clear, direct, and positive, and there are no circumstances in evidence tending to discredit or impeach such testimony. *Anchor Casualty Company v. Bowers*, 393 S.W.2d 168 (Tex.1965). Here, prior to Wallen's testimony, his attorney testified that Wallen had "no present recollection of the exact dates" of filing and discharge in bankruptcy. This tended to discredit Wallen's subsequent testimony that he was discharged from bankruptcy on September 10, 1981. Additionally, Wallen's failure to offer competent official documentation of his bankruptcy is a circumstance which tends to discredit his testimony. Therefore, we hold that the testimony regarding bankruptcy raised an issue of fact as to whether Wallen was served during the pendency of the automatic stay.

Since no element relating to bankruptcy was included by the trial court in its findings of fact, the omitted finding cannot be supplied by presumption in support of the judgment. Tex.R.Civ.P.Ann. 299 (1977). However, the findings which were made are sufficient to support the final judgment.

■ Wallen correctly notes that the trial judge erred in failing to timely file findings and conclusions. He contends that the trial court's delay has prevented him from requesting a finding of fact on bankruptcy under Tex.R.Civ.P.Ann. 298 (1977). Wallen prays that this Court grant him a new trial. However, such a drastic remedy is not here required. This Court has authority to abate this appeal, to obtain further findings, in lieu of reversing the judgment, under authority of Tex.R.Civ.P.Ann. 434 (Supp.1983). *Anderson v. Smith*, 635 S.W.2d 204 (Tex.App.1982, no writ).

Appellant Wallen is hereby directed to file with the trial court his request for specific further, additional, or amended findings under Tex.R.Civ.P.Ann. 298 (1977) no later than April 7, 1984, and the trial court is hereby directed to proceed with such request pursuant to Rule 298 as in any other case without regard to this appeal. After final action on such findings, the same shall be filed in our Court by supplemental transcript. Neither party shall be afforded an opportunity to submit an additional brief, absent permission from this Court for good cause shown. Wallen's appeal is hereby ordered abated, pending compliance with the directive herein.

We sever and affirm that portion of the judgment which adjudicates Equitable's liability. The appeal of the remaining portion of the judgment is abated.