**Albert D. HUDDLESTON, Appellant,**

v.

**TEXAS COMMERCE BANK–DALLAS, N.A., Appellee.**

**No. 05–87–01032–CV.**

Court of Appeals of Texas, Dallas.

July 12, 1988.

Rehearing Denied Aug. 30, 1988.

Tom Thomas, Geoffrey G. Tudor, Kolodey & Thomas, Dallas, for appellant.

Vera R. Bangs, Edwin R. DeYoung, C. Kent Adams, Liddell, Sapp, Zivley, Hill & Laboon, Dallas, for appellee.

Before ENOCH, C.J., and McCLUNG and BAKER, JJ.

ENOCH, Chief Justice.

This is a summary judgment case. Appellee, Texas Commerce Bank–Dallas, N.A., sued Appellant, Albert D. Huddleston, on two real estate notes for a deficiency judgment after it had foreclosed on the real property. Huddleston counterclaimed for usury. The trial court granted summary judgment in favor of Texas Commerce both for the deficiency and on Huddleston's usury counterclaim. Huddleston appeals.

In four points of error, Huddleston urges that: (1) the district court erred in ruling that a foreclosure sale conducted in violation of the automatic stay imposed under 11 U.S.C. § 362 was void; (2) Texas Commerce is estopped to deny the validity of the foreclosure sale; (3) Texas Commerce's demand for payment constituted a charging of usurious interest as a matter of law; and (4) a fact issue exists as to whether Texas Commerce conducted a second foreclosure sale in a commercially reasonable manner. For the reasons below, we affirm the trial court.

Texas Commerce loaned Huddleston $7,500,000.00 and $7,158,253.00. Each loan was evidenced by a promissory note and secured by a deed of trust to real property. Huddleston failed to repay the notes when due, and Texas Commerce requested the substitute trustee to proceed with foreclosure sale of the properties. The substitute trustee posted notices for the sale to occur on May 6, 1986.

Huddleston was the sole shareholder and president of Trebla Resources, Inc. On

May 5, 1986, Huddleston transferred the properties scheduled for foreclosure to Trebla. On May 6, prior to the foreclosure sale, Trebla filed a petition in bankruptcy. Unaware of these actions, the substitute trustee conducted the sale, and Texas Commerce purchased the properties. Thus, the May 6th foreclosure sale occurred in violation of the stay which arises automatically upon the commencement of a bankruptcy proceeding. 11 U.S.C. § 362(a).

On June 6, 1986, the bankruptcy court granted Texas Commerce's motion to dismiss Trebla's bankruptcy proceeding on the grounds that Trebla's filing was in bad faith. The bankruptcy court did not, however, specifically annul the automatic stay in its dismissal.

Following dismissal of Trebla's petition, Texas Commerce repeated foreclosure proceedings against the properties. On or about June 10, 1986, Texas Commerce demanded payment on the notes from Huddleston in an amount exceeding $14,500,-000.00. This amount gave Huddleston no credit against the notes for the amounts tendered for the properties at the May 6th foreclosure sale. The substitute trustee again posted the properties, and they were again sold to Texas Commerce at a second foreclosure sale held on July 1, 1986.

After crediting the amount received for the properties at the July 1st sale against Huddleston's debt, Texas Commerce instituted this suit to recover the deficiency. Huddleston answered, asserting an affirmative defense of usury and a counterclaim for usury.[1] As mentioned, the trial court granted judgment for Texas Commerce on its deficiency claim and against Huddleston on his claim of usury.

■ In his first and third points of error, Huddleston argues that, although the May 6th foreclosure sale was held in violation of the automatic stay, the subsequent dismissal of Trebla's bankruptcy petition reinstat-

ed that sale. Therefore, according to Huddleston, the amount of his debt should have been credited with the amounts received at the May 6th foreclosure sale. Consequently, Texas Commerce's demand for payment on June 10th, which failed to credit those amounts, constituted a charging of interest in violation of Texas usury statutes. We disagree.

■ The filing of a petition in bankruptcy operates to stay actions and proceedings against the debtor. 11 U.S.C. 362(a). The actions stayed include foreclosure sales such as the May 6th sale in this case. 11 U.S.C. § 362(a)(4). The stay is effective upon the filing of the petition even though the parties have no notice of its existence. *In re Scott,* 24 B.R. 738 (Bankr.M.D.Ala. 1982).

In general, acts taken in violation of the automatic stay are void and without legal effect. *Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *In re Scott,* 24 B.R. 738 (Bankr.M.D.Ala.1982). This is the law in this jurisdiction. *Continental Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499 (Tex.1988) (per curiam); *but see In re Oliver,* 38 B.R. 245 (Bankr.D.Minn.1984) (acts taken in violation of the automatic stay are voidable rather than void). The bankruptcy court may take some action, such as annulling the stay, to retroactively validate actions taken in violation of the stay. *In re Albany Partners,* 749 F.2d 670 (11th Cir.1984); *Claude Regis Vargo Enterprises, Inc. v. Bacarisse,* 578 S.W.2d 524 (Tex.Civ.App.— Houston [14th Dist.] 1979, writ ref'd n.r.e.). Absent such an action by the bankruptcy court, however, the mere termination of the stay does not validate actions taken in violation of it. *Goswami v. Metropolitan Savings and Loan Association,* 751 S.W.2d 487, 489 (Tex.1988); *see In re Eden*

---

1. The record in this case is incomplete. Huddleston's *Second* Amended Original Answer and Counterclaim is his only pleading before us. According to the record, this document was filed *after* the hearing on the motion for summary judgment. The record does not show which claims of Huddleston's were before the

trial court at the summary judgment hearing. However, by their briefs, both parties apparently agree that Huddleston had raised the usury issue in earlier pleadings and the judgment affirmatively states that the court considered these earlier pleadings.

*Associates*, 13 B.R. 578, 585 (Bankr.S.D.N. Y.1981).

In this case, the May 6th foreclosure sale occurred during the pendency of the automatic stay. When the bankruptcy court dismissed Trebla's case, it took no action to annul or otherwise recognize the invalidity of the stay. Therefore, the May 6th sale was void and of no legal effect. Because the May 6th sale was void, it was ineffective to pass title to the property and title remained with Trebla.

Our conclusion is also supported by 11 U.S.C. 349(b)(3). That section provides that, unless the court orders otherwise, dismissal of a bankruptcy case revests property in the entity in which the property was vested immediately before the commencement of the case. 11 U.S.C. 349(b)(3); *see also In re Eden Associates*, 13 B.R. at 585 (dismissal of petition terminated automatic stay and restored rights of creditor to their position as of commencement of the case).

Huddleston urges that we adopt the reasoning of *In re Linton*, 35 B.R. 695 (Bkrtcy.D.Idaho 1983), and hold that the subsequent dismissal of Trebla's case reinstated the May 6th sale. We decline the invitation. *Linton* involved the effect of a subsequent dismissal on a creditor's attempt, during the pendency of the stay, to perfect his security interest in personal property. Those are not the facts of this case. Irrespective of this distinction, our opinion that the foreclosure sale is void unless the bankruptcy court takes some action to annul the stay or to recognize that the stay was invalid *ab initio* is consistent with the reasoning adopted by Texas cases. *Goswami v. Metropolitan Savings and Loan Association*, 751 S.W.2d 487, 489 (Tex.1988) (where bankruptcy court took no action to annul stay or recognize its invalidity, subsequent termination of temporary stay did not automatically validate foreclosure sale conducted during pendency of stay); *Southern County Mutual Insurance Co. v. Powell*, 736 S.W.2d 745, 748 (Tex.App.—Houston [14th Dist.] 1987, orig. proceeding) (default judgment, if entered during pendency of stay, was void); *Community Investors IX, Ltd. v.*

*Phillips Plastering Co.*, 593 S.W.2d 418 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ) (judgment of state court foreclosing lien during pendency of automatic stay is void); *Claude Regis Vargo Enterprises, Inc. v. Bacarisse*, 578 S.W.2d 524, 528 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.) (stating in dictum that a foreclosure sale conducted in violation of the automatic stay remains invalid unless the bankruptcy court annuls the stay).

Because the May 6th foreclosure sale was void, Texas Commerce was not required to consider that sale in calculating the amount of Huddleston's debt in its June 10th demand for payment. Huddleston's first and third points of error are overruled.

■ In his second point of error Huddleston asserts that because the trustee's deeds state that the foreclosure sale occurred on May 6th, the doctrine of estoppel by deed precludes Texas Commerce from denying that the foreclosure sale occurred on that date. In response, Texas Commerce notes that estoppel is an affirmative defense that must be specifically pleaded under Texas Rule of Civil Procedure 94. Texas Commerce argues that the trial court did not err in granting summary judgment because, at the time of the summary judgment hearing, Huddleston's pleadings did not assert this affirmative defense. We agree.

Under Texas Rule of Civil Procedure 63, amended pleadings offered within seven days of the date of trial or thereafter may be filed only with leave of the court. A summary judgment hearing is a trial for purposes of Rule 63. *Goswami v. Metropolitan Savings and Loan Association*, 751 S.W.2d 487 (Tex.1988). The trial court's refusal to allow amendments that are untimely under Rule 63 can be overturned only if the complaining party clearly shows an abuse of discretion. *Hardin v. Hardin*, 597 S.W.2d 347 (Tex.1980).

In this case, the only defensive pleading on record before this Court is Huddleston's second amended original answer. This answer, which asserts the affirmative defense

of estoppel, was filed *after* the summary judgment hearing. The record reflects that Texas Commerce objected to this late filed pleading on the ground that it operated as a surprise by adding the new legal theory of estoppel by deed. The trial court's judgment states that the trial court considered those pleadings on file *at the time* of the summary judgment hearing. It is clear from the record that the trial court refused to consider Huddleston's untimely answer.

Texas Rule of Civil Procedure 166a(c) authorizes the trial court to grant summary judgment if "the *pleadings* ... [and summary judgment evidence] ... *on file at the time of the hearing, or filed thereafter and before judgment with permission of the court,* show that ... there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response." TEX.R.CIV.P. 166a(c) (emphasis added).

■ From the record before us, there were no timely filed pleadings asserting the defense of estoppel by deed on behalf of Huddleston. The trial court specifically did not consider Huddleston's late filed pleadings. Huddleston has not raised by point of error the issue that the trial court abused its discretion in failing to consider his untimely amended answer. Consequently, Huddleston has failed to preserve error on this point. *Energo International Corp. v. Modern Industrial Heating, Inc.,* 722 S.W.2d 149 (Tex.App.—Dallas 1986, no writ). Huddleston's second point of error is overruled.

■ In his fourth point of error, Huddleston asserts that the district court erred in granting summary judgment because a fact issue exists as to whether Texas Commerce's sale of the real property occurred in a commercially reasonable manner. Huddleston argues that Texas Commerce must establish the commercial reasonableness of its sale as part of its burden of proof. In support of this position, Huddleston cites two cases, each concerning disposition of collateral under Chapter 9 of the Texas Business and Commerce Code. Section 9.504(c) of the Texas Business and Commerce Code requires that the secured party dispose of collateral in a commercially reasonable manner. Chapter 9, however, does not apply to the "creation or transfer of an interest in or lien on real estate...." TEX.BUS. & COM.CODE § 9.104(10) (Vernon Supp.1988). Huddleston's fourth point of error is overruled.

The judgment of the trial court is AFFIRMED.