**PIONEER NATIONAL BANK OF ARLINGTON, Texas, Appellant,**

v.

**David C. BAKUTIS, Administrator of Estate of James R. Marsh, Deceased, Appellee.**

**No. 2–87–086–CV.**

Court of Appeals of Texas, Fort Worth.

Oct. 12, 1989.

Rehearing Denied March 7, 1990.

Terry L. Leedy, Arlington, for appellant.

Cantey, Hanger, Gooch, Munn & Collins and David C. Bakutis and R. Dyann McCully, Fort Worth, for appellee.

Before WEAVER, C.J., and JOE SPURLOCK, II and LATTIMORE, JJ.

OPINION

LATTIMORE, Justice.

This is an appeal from a judgment granting appellee, David C. Bakutis, Administrator of the Estate of James R. Marsh, recovery from appellant, Pioneer National Bank of Arlington, Texas ("Pioneer"), for a wrongful setoff. Trial was to the court without a jury. Pioneer has perfected this appeal from the judgment.

We affirm.

A statement of facts is not before the court. The following summary is composed of facts in Pioneer's brief which are not contradicted by Bakutis. TEX.R. APP.P. 74(f).

Marsh died testate on October 4, 1985. At the time of his death, Marsh was the personal guarantor of several promissory notes payable to Pioneer. Marsh maintained a checking account at Pioneer; at the time of his death, the balance was $7,004.00. Probate Court No. 2 of Tarrant County appointed an administrator. On April 28, 1986, Pioneer filed an authenticated claim, and the independent executor allowed the claim. In August, 1986, the probate court removed the independent executor and appointed Bakutis as administrator of the estate with the will annexed. In December, 1986, Pioneer set off the funds in Marsh's checking account against the debt owed under the promissory notes. Bakutis filed suit in probate court claiming that the setoff was unlawful. The probate court held the setoff was unlawful based on the following conclusion of law.

That when an estate is under a dependent administration, the provisions of the Texas Probate Code regarding the filing and payment of claims is the exclusive method by which a creditor may seek to be paid, and that a creditor is not entitled to exercise against the estate of the decedent any equitable rights or contractual rights of setoff which otherwise would be available to it during the decedent's lifetime.

In its sole point of error, Pioneer contends the probate court erred in the above conclusion of law. In its brief, Pioneer explains:

No testimony or evidence was offered during the trial of declaratory judgment for the reason that both the Administrator and PIONEER NATIONAL BANK had no disputes as to the facts. Counsel for both parties made argument to the Court regarding the Bank's rights to exercise its offset under the facts. The Court held that the Bank improperly offset the amounts on the basis that it could not exercise equitable or contractual rights of setoff during a dependent administration. Both parties agreed as to the conclusion of law upon which the Court based its judgment and requested the court to so make it its conclusion of law supporting the judgment. It is from such conclusion of law that PIONEER NATIONAL BANK has appealed.

There is no rule that requires judgment to conform to conclusions of law. *Wirth Ltd. v. Panhandle Pipe and Steel Co.*, 580 S.W.2d 58, 62 (Tex.Civ.App.—Tyler 1979, no writ). The judgment of the trial court may not be reversed because it is based on an incorrect conclusion of law. *De Benavides v. Warren*, 674 S.W.2d 353, 362 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.); *Mercedes Dusting Serv., Inc. v. Evans*, 353 S.W.2d 894, 895 (Tex.Civ. App.—San Antonio 1962, no writ); *see also Guaranty County Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex.1986). Therefore, we should not necessarily reverse the judgment of the trial court even if we decided the conclusion of law is not correct. TEX. R.APP.P. 81(b)(1) provides:

No judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of

the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court; ...

This court must base its decision on facts. Pioneer has the burden of presenting a record sufficient to show error requiring reversal. TEX.R.APP.P. 50(d). The record does not show Pioneer requested findings of fact. Likewise, if any facts were stipulated in the trial court, no record of stipulations is before this court. "The parties may agree upon a brief statement of the case and of the facts proven as will enable the appellate court to determine whether there is error in the judgment. Such statement shall be copied into the transcript in lieu of the proceedings themselves." TEX. R.APP.P. 50(c). No such statement is in the transcript.

The only facts before this court are the statements made in Pioneer's brief which are not challenged by Bakutis. TEX.R. APP.P. 74(f). These facts are insufficient to show error requiring reversal.

■ "There is authority to the effect that a bank has no right, without the depositor's consent, to apply his deposit on a debt where he is a mere guarantor, indorser or surety." 9 C.J.S. sec. 300 (1938). We have found no Texas case which discusses this issue. Pioneer's setoff against Marsh's deposits may have been wrongful because Marsh was merely a guarantor. If the record was complete, this court could consider whether setoff against a guarantor is valid under Texas law. We cannot decide this issue on the present record because the guaranty agreement is not before us. For that reason alone we must affirm the judgment of the trial court, but we also require other information not in the record.

The record does not reveal whether Pioneer's claim against the estate was presented as a matured secured claim under TEX. PROB.CODE ANN. sec. 306(a)(1) (Vernon 1980). We are not aware of any case which explains whether claims "secured" by the bank's right of setoff should be treated as secured or unsecured claims. Again, this court could consider this issue if the record was before us, but the record does not contain a copy of Pioneer's claim.

Nothing in the record indicates that the trial court would have erred in basing judgment on another conclusion of law. Pioneer's point of error is overruled. The judgment is affirmed.