Franklin T. GRAHAM, Jr., et al., Appellants,

v.

Sergio PAZOS De La TORRE, Appellee.

No. 13–90–332–CV.

Court of Appeals of Texas, Corpus Christi.

April 11, 1991.

Rehearing Overruled May 23, 1991.

Franklin T. Graham, Brownsville, William Kimball, Harlingen, for appellants.

Edmundo O. Ramirez, Cynthia G. Gutierrez, Ellis, Koeneke & Ramirez, McAllen, for appellee.

Before NYE, C.J., and BENAVIDES and HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

Franklin Graham and Delia Rodriguez appeal the judgment from a bench trial declaring void both appellant's foreclosure sale and subsequent real estate transaction with appellee, Sergio Pazos De La Torre

(Pazos). Appellants raise five points of error. We affirm.

■ The trial court's findings of fact are unchallenged. When findings of fact are filed and unchallenged, they occupy the same position and are entitled to the same weight as the unchallenged verdict of a jury. *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex.1986); *Garcia v. Kastner Farms, Inc.*, 789 S.W.2d 656, 659 (Tex.App.—Corpus Christi 1990, no writ). Such findings of fact are binding on the appellate court. *Katz v. Rodriguez*, 563 S.W.2d 627, 630–31 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.); *Bilek v. Tupa*, 549 S.W.2d 217, 220 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

The findings of fact and conclusions of law establish the following. Rodriguez sold the real property in question to Arsing, Inc. d/b/a Tortimex (Arsing) on October 30, 1986. In 1990, Rodriguez appointed Graham, her attorney, as Substitute Trustee and instructed him to post the same real property for a foreclosure sale to be held on or about March 6, 1990. On or about March 5, 1990, Arsing filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code. On March 6, 1990, Graham purported to sell the real property at a foreclosure sale to Rodriguez. The next day, Rodriguez purported to sell the real property, sold to her by Graham, to Pazos who made a partial payment in the amount of $27,243.21 and executed a Vendor's Lien Note in the amount of $72,792.26, payable to Rodriguez. Rodriguez still possesses the $27,243.21.

■ Neither Graham nor Rodriguez received notice before Tuesday, March 6, 1990, that Arsing had filed bankruptcy. When Arsing filed Chapter 11 bankruptcy, its assets became the property of the bankruptcy estate. Rodriguez' attempt to have Graham foreclose on the real property and thereby enforce Rodriguez' lien on said real property was stayed by the automatic stay provision of 11 U.S.C. § 362 (1991). The fact that Graham did not receive notice of the Arsing bankruptcy filing was irrelevant because the bankruptcy stayed Graham's foreclosure sale. The foreclosure sale was void because of the stay provisions of § 362; therefore, Rodriguez did not and could not have acquired title to the real property from Graham. Arsing's filing of Chapter 11 bankruptcy and the stay provisions of § 362 preempted any action under state and common law that could have been brought by Graham or Rodriguez against any property belonging to Arsing's bankruptcy estate. *See Southern County Mut. Ins. Co. v. Powell*, 736 S.W.2d 745, 748 (Tex.App.—Houston [14th Dist.] 1987, orig. proceeding); 11 U.S.C. § 362(a) (1991); *Nautical Landings Marina, Inc. v. First Nat'l Bank*, 791 S.W.2d 293, 296 (Tex.App.—Corpus Christi 1990, writ denied).

■ An automatic stay operates to deprive the state court of jurisdiction over the debtor in state court proceedings against the debtor. *Powell*, 736 S.W.2d at 748; *see also Community Investors IX, Ltd. v. Phillips Plastering Co.*, 593 S.W.2d 418, 420 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). All actions taken prior to the lifting of the stay by the Bankruptcy court are void and without legal effect, not merely voidable. *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 500–01 (Tex. 1988); *Nautical Landings Marina*, 791 S.W.2d at 296; *Star–Tel, Inc. v. Nacogdoches Telecommunications, Inc.*, 755 S.W.2d 146, 150 (Tex.App.—Houston [1st Dist.] 1988, no writ); *Wallen v. State*, 667 S.W.2d 621, 623 (Tex.App.—Austin 1984, no writ); *Community Investors*, 593 S.W.2d at 420. The findings of fact and conclusions of law regarding the invalidity of the creditor's foreclosure sale and subsequent conveyances due to the stay imposed by the Bankruptcy Code support the trial court's judgment. *See U.S. Pipeline Corp. v. Kinder*, 609 S.W.2d 837, 841 (Tex.Civ. App.—Fort Worth 1980, writ ref'd n.r.e.); *One 1984 Ford v. State*, 698 S.W.2d 279, 284 (Tex.App.—Fort Worth 1985, no writ); *City of Corpus Christi v. Davis*, 575 S.W.2d 46, 55 (Tex.Civ.App.—1978, no writ).

On February 14, 1991, appellants moved to supplement the appellate record with a

certified copy of an Order Annulling and Modifying the Automatic Stay from the United States Bankruptcy Court for the Southern District of Texas, Brownsville Division. This order indicated that on February 6, 1991, the Bankruptcy Court specifically annulled and modified retroactively, effective March 6, 1990, the automatic stay in order to validate the foreclosure Graham and Rodriguez conducted on that date. This Court carried the Motion to Supplement with the case.

 Appellants argue that this court should allow supplementation of the record because to do so would validate the transfer from appellants to Pazos. We disagree. Admittedly, the Bankruptcy Court has the power to annul the automatic stay to validate actions taking place during the time the stay was effective. *Claude Regis Vargo Enters. v. Bacarisse*, 578 S.W.2d 524, 527 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.); 11 U.S.C. § 362(d) (1991); *see also Goswami v. Metropolitan Sav. & Loan*, 751 S.W.2d 487, 489 (Tex.1988); *Powell*, 736 S.W.2d at 748. However, the present case is a suit between a creditor, who foreclosed on a bankrupt debtor's property, and a third party purchaser, Pazos. Pazos properly sought declaratory judgment and return of his purchase money because the automatic stay voided the foreclosure; thus, Rodriguez did not have the property or any right to convey to Pazos. Clearly, Pazos did not receive consideration for his payment and delivery of the note. The trial court did not err when it declared the foreclosure void and ordered Rodriguez to return Pazos' money.

 The appellate court has wide discretion to supplement the transcript or statement of facts to include omitted matter. *K & S Interests, Inc. v. Texas American Bank/Dallas*, 749 S.W.2d 887, 891 (Tex.App.—Dallas 1988, writ denied). Tex. R.App.P. 55 empowers the trial court and this court to "direct a supplemental record to be certified and transmitted" concerning "omitted" matters. We interpret this rule to mean that the *existing* trial court record be correctly transmitted to this court when

the original transcript has *omitted* something of importance. *See Pierce v. Benefit Trust Life Ins. Co.*, 784 S.W.2d 516, 517 (Tex.App.—Amarillo 1990, writ denied); *Gerdes v. Marion State Bank*, 774 S.W.2d 63, 65 (Tex.App.—San Antonio 1989, writ denied). Furthermore, Rule 55 authorizes trial judges and appellate courts to *correct* the appellate record on their own initiative, or at the request of counsel; however, it does not allow the creation of a new trial court record. *Gerdes*, 774 S.W.2d at 65.

The Bankruptcy Court's order was neither issued nor admitted as evidence when the trial court made its ruling on July 3, 1990, nor omitted from the trial court record. To allow supplementation at this late date would create a new trial court record.

By their first and second points of error, appellants contend that the trial court erred in making certain conclusions of law. Appellants' fifth point of error asserts that the trial court erred by failing to make a conclusion of law that Pazos could not recover against Rodriguez because there were no findings of fact upon which Pazos could recover against appellants.

 The trial court based its findings of fact upon the evidence presented at trial and its conclusions of law upon its findings of fact. There is no rule that requires the judgment to conform to conclusions of law and the judgment of the trial court may not be reversed because it is based on an incorrect conclusion of law. *Pioneer Nat'l Bank v. Bakutis*, 784 S.W.2d 440, 441 (Tex. App.—Fort Worth 1989, no writ); *see also Commerce Sav. Ass'n v. Welch*, 783 S.W.2d 668, 671 (Tex.App.—San Antonio 1989, no writ). Our resolution of points of error numbers one and two regarding whether the trial judge made a correct conclusion of law would not affect our disposition of this case since the judgment has independent support in the findings of fact. As discussed above, point five is without merit because it attacks a failure to make a conclusion of law without asserting that the findings of fact were erroneous. *See McGalliard*, 722 S.W.2d at 696. Points one, two and five are overruled.

By their fourth point of error, appellants assert that the trial court erred when it voided the conveyance from Rodriguez to Pazos because there were no allegations contained in the pleadings, exhibits, nor in the statement of facts upon which it could void the transfer. The judgment and findings track the assertions of fact as well as grant the relief requested in Pazos' Original Petition for Declaratory Judgment. Point four is overruled.

Appellant's third point of error asserts that the trial court erred in rendering judgment against Graham. We disagree. Graham was Rodriguez' substitute trustee who foreclosed upon the Arsing property. He transferred title to Rodriguez who subsequently conveyed the property to appellee. Because he acted in the original foreclosure which appellee sought to void, Graham was properly named as a defendant in the suit. However, the general rules are that the principal is liable for the authorized acts of his agent and an agent is liable only if he acts beyond the scope of his authority. *Southwest Land Title Co. v. Gemini Fin. Co.*, 752 S.W.2d 5, 8 (Tex.App.—Dallas 1988, no writ); *Medical Personnel Pool, Inc. v. Seale*, 554 S.W.2d 211, 213 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). There is no evidence that Graham acted beyond the scope of his authority when he foreclosed upon the Arsing property. Graham is not liable for the return of the $27,243.21 which appellee paid Rodriguez for the property unless Graham has possession of those monies. Point three is overruled. The trial court's judgment is AFFIRMED.