NO. 07-03-0068-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 13, 2004


______________________________



JEREMY HAWA, 



 Appellant


v.



METROPOLITAN LIFE INSURANCE COMPANY, 


 

 Appellee 

_________________________________



FROM THE 136TH DISTRICT COURT OF JEFFERSON COUNTY;



NO. D-167,221; HON. MILTON SHUFFIELD, PRESIDING


_______________________________



Abatement and Remand


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Jeremy Hawa (Hawa) appeals from a summary judgment denying him relief against
Metropolitan Life Insurance Company (Metropolitan). Hawa sued to recover unearned
premiums on a life insurance policy he purchased. Through two issues, he contends that
the trial court erred. We abate the proceeding and remand it to the trial court for further
action.

 Initially, we note that even if the question is not raised by the parties, this court is
obligated sua sponte to determine its jurisdiction to hear this appeal. Welch v. McDougal,
876 S.W.2d 218, 220 (Tex. App.--Amarillo 1994, writ denied). Next, it is axiomatic that in
order to be final and appealable, a judgment must dispose of all issues and parties in the
case. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). Before we can
discuss the issues raised by the parties, we must first determine whether the trial court's
order, which purports to grant Metropolitan's motion for summary judgment, is a final
judgment for purposes of appeal. 

 In Lehmann, the court reviewed the requirements for a judgment to be final and
appealable. In doing so, it recognized and reiterated the rule that no presumption of finality
may be indulged in favor of judgments not tried on the merits, i.e. summary judgments. 
Id. at 200, 204. Next, while it is true that a final summary judgment may undergo
immediate appellate review, to be considered final, it must satisfy certain criteria. Of those
criteria, the most important is the need for the rendition of an actual, final judgment or
decree. The decretal portion of the order at bar reads as follows:

 ORDERED that defendant's Motion for Summary Judgment is GRANTED
with prejudice. It is further;


 ORDERED that all costs of court be assessed against the plaintiff.

 In Chandler v. Reder, 635 S.W.2d 895 (Tex. App.--Amarillo 1982, no writ), and
Disco Machine of Liberal Co. v. Payton, 900 S.W.2d 71 (Tex. App.--Amarillo 1995, writ
denied), we had occasion to consider summary judgments with similar decretal provisions. 
In Disco, we noted that such declarations are "nothing more than an indication of the trial
court's decision vis-a-vis the motion[] for summary judgment." Disco Machine of Liberal
Co. v. Payton, 900 S.W.2d at 74. They do "not express a specific settlement of rights
between the parties" or "disclose the specific and final result officially condoned by and
recognized under the law." Id. at 74. Thus, such orders are not final. 

 In absence of the rendition of a final judgment or order, this court has no jurisdiction
over the appeal. Dismissal is warranted. However, from utmost caution and to possibly
avoid exposing the parties to needless expense, we instead follow the procedure
expounded in Disco Machine. Consequently, we abate the appeal and remand the cause
to the trial court. Upon remand, the trial court shall immediately give notice to appellate
counsel and proceed forthwith to supplement the record to show whether or not a final
judgment or order was rendered. If such a judgment or order was rendered, the rendition
of same shall be reduced to writing, dated as of the date of rendition, and signed by the
trial court; but if no such final decree was rendered, the court shall so certify in writing. The
trial court shall then cause the final decree or certification that none was rendered to be
included in a supplemental transcript, certified to by the clerk of the court, and transmitted
to the clerk of this court no later than January 26, 2004.

 Leave to supplement merely encompasses permission to augment the appellate
record with the existing trial court record; it does not allow the creation of a new trial court
record. Graham v. Pazos De La Torre, 821 S.W.2d 162, 165 (Tex. App.--Corpus Christi
1991, writ denied). Thus, if judgment was never rendered, the parties cannot cause it to
now be rendered and included within the supplement. 

 Per Curiam 



es Cibolo
Livery Stables, Inc. and Troy (Trey) Martin III. Appellees contend we lack jurisdiction of the
appeal because the notice of appeal filed by appellants Daryl Long and Nicole Long was
untimely. We deny the motion. On our own motion, we abate the appeal and remand the
case with instructions for further action. 
 
Background
          In their original petition, the Longs alleged that Daryl Long sustained personal
injuries when he fell from bleachers while attending a rodeo at premises under the control
of Cibolo and Martin. According to the Longs, Cibolo and Martin were negligent in several
respects and as a proximate result the Longs suffered injury.
          On June 9, 2008, Cibolo and Martin filed a traditional motion for summary judgment. 
They asserted the real property and improvements where Daryl Long alleged he suffered
injury were owned by Martin and leased to Cibolo, and Cibolo subleased the property to
subtenants who operated the rodeo facility. As the ground for their motion, Cibolo and
Martin argued they owed the Longs no duty for dangerous conditions on the leased
premises. 
          Cibolo and Martin subsequently filed a “supplemental motion for summary
judgment.” It included a no-evidence motion for summary judgment grounded, inter alia,
on an absence of evidence by the Longs of a duty owed them by Cibolo and Martin, breach
of that duty, and resulting damages. 
          The Longs responded to the motions for summary judgment. Prior to the summary
judgment hearing, they also filed an amended petition adding a claim that Cibolo and
Martin defrauded them by concealing ownership of the rodeo premises. The pleading
further alleged that Cibolo and Martin were liable according to Restatement (Second) of
Torts § 359 (1965). Cibolo and Martin did not amend their summary judgment motions to
address the matters raised by the amended petition. The motions for summary judgment
were heard on August 28. 
          On September 24, 2008, the trial court signed an order granting the summary
judgment motions.


 The Longs filed a second amended petition on December 15. This
pleading continued their premises liability claim but deleted the fraud allegation. Neither
party requested, and the court did not sign, an order of non-suit or final order or judgment. 
Rather, Cibolo and Martin filed a third motion for summary judgment on December 22,
asserting by traditional and no-evidence grounds that § 359 is not a viable cause of action
in Texas and the Longs possessed no evidence supporting the elements of § 359. The
Longs responded to the motions and moved alternatively for a continuance on the ground
they had “not had an adequate opportunity for discovery.” The motions were heard on
January 14, 2009. Also on that date, the Longs filed a motion for new trial which prayed
for “reinstate[ment]” of the case. 
          On March 13, the trial court signed an order granting the third motion for summary
judgment of Cibolo and Martin. In its entirety, the body of the order provided:
ORDER ON DEFENDANTS’ THIRD MOTION FOR SUMMARY JUDGMENT 
On 14 January, 2009 came on to be heard Defendants’ [sic] Cibolo Livery
Stables, Inc.’s and Troy “Trey” S. Martin, III’s Third Motion for Summary
Judgment (the “Motion”). After considering the Motion, the response thereto,
the evidence and the arguments of counsel, the Court is of the opinion that
the Motion should be GRANTED.
 
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the
Motion be and hereby is in all things GRANTED.
 
The Longs filed a notice of appeal by mail on June 11. 
          In their motion to dismiss, Cibolo and Martin assert we lack jurisdiction of the Longs’
appeal because the September 24 order disposed of all causes of action except the fraud
claim. And, they argue, when the Longs non-suited this claim by their December 15
amended petition, the September 24 order became final and the appellate timetable was
triggered. By this reasoning, the Longs’ January 14 motion for new trial extended the
appellate timetable ninety days from December 15. The notice of appeal was not filed
within this period or the additional time under the conditions of Rule of Appellate Procedure
26.3.
          Our appellate jurisdiction derives from the Texas Constitution and our power and
ability to act are controlled by applicable statutes and rules. Tex. Const. art. V, § 6; see
Humble Exploration Co. v. Browning, 690 S.W.2d 321, 327-28 (Tex.App.–Dallas 1985, writ
ref’d n.r.e). Appellate jurisdiction is properly invoked by timely filing a notice of appeal. 
See Tex. R. App. P. 25.1. The date of the final judgment determines whether a notice of
appeal was timely filed. Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995) (per
curiam) (appellate timetable runs from day court signed “whatever order disposes of any
parties or issues remaining before the court”). 
          By adding a fraud count to their petition, the Longs precluded the possibility of
summary judgment on their entire case at the August 28 hearing. See generally Strather
v. Dolgencorp of Texas, 96 S.W.3d 420, 423 (Tex.App.–Texarkana 2002, no pet.) (noting
it is not uncommon for nonmovant to amend pleading in response to motion for summary
judgment). The Longs non-suited their fraud claim by omitting it from their amended
pleading filed on December 15. See FKM P’ship v. Bd. of Regents of the Univ. of Houston
Sys., 255 S.W.3d 619, 633 (Tex. 2008) (discussing non-suit by amended petition). 
          Even assuming arguendo the September 24 order disposed of all claims and parties
except the fraud claim, we disagree that dismissal of the fraud claim by amended petition
initiated the appellate timetable. Neither party obtained a signed, written order of non-suit
or final judgment after the Longs filed their amended petition. Rather, the next written
order signed by the trial court was that of March 13. Critical to this discussion is the rule
that the period for perfecting an appeal is calculated from the date a written order or
judgment is signed, not from the date a pleading is filed. Farmer, 907 S.W.2d at 496
(“[w]hen a judgment is interlocutory because unadjudicated parties or claims remain before
the court, and when one moves to have such unadjudicated claims or parties removed by
. . . nonsuit, the appellate timetable runs from the signing of a judgment or order disposing
of those claims or parties”). Cf. In re Bennett, 960 S.W.2d 35, 38 (Tex. 1997) (filing notice
of non-suit does not trigger appellate timetable; rather, appellate timetable runs from the
date a trial court signs an order of dismissal). Filing the December 15 amended petition
did not trigger the appellate timetable. Cibolo and Martin’s motion to dismiss the appeal
is therefore not well taken, and is overruled. 
          The events we have described lead us to question, however, the existence of a final
judgment or order authorizing our exercise of appellate jurisdiction in this case. We
therefore consider our jurisdiction sua sponte. See Buffalo Royalty Corp. v. Enron Corp.,
906 S.W.2d 275, 277 (Tex.App.–Amarillo 1995, no writ) (we are obligated to consider sua
sponte our jurisdiction of a case on appeal). The jurisdiction of an appellate court is never
presumed. See El-Kareh v. Tex. Alcoholic Beverage Comm’n, 874 S.W.2d 192, 194
(Tex.App.–Houston [14th Dist.] 1994, no writ). “Texas appellate courts have jurisdiction
only over final orders or judgments unless a statute permits an interlocutory appeal.” 
Ogletree v. Matthews, 262 S.W.3d 316, 319 n.1 (Tex. 2007). Here there is no statutory
basis for an interlocutory appeal. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a),(d)
(Vernon 2008). 
          The trial court’s March 13 order does not expressly dispose of the fraud claim
dismissed by the Longs’ December 15 amended pleading nor does it clearly and
unequivocally state that it finally disposes of all parties and all claims. See Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001) (order or judgment “is not final for
purposes of appeal unless it actually disposes of every pending claim and party or unless
it clearly and unequivocally states that it finally disposes of all claims and all parties”). The
March 13 order enjoys no presumption of finality since it is the product of summary
judgment proceedings. See In re Burlington Coat Factory Warehouse of McAllen, Inc., 167
S.W.3d 827, 829 (Tex. 2005) (no presumption of finality following a summary judgment or
default judgment). And we are not aided by its content. Aside from the caption, it does not
identify or name the Longs, see Tex. R. Civ. P. 306, it contains no expression of intended
finality, see Lehmann, at 206, and it does not address costs. Nor does the record provide
assistance. See id., 39 S.W.3d at 205-06 (instructing that finality determination may
require examination of record). Rather, it depicts uncertainty. For example, the Longs filed
a motion for new trial within thirty days of their December 15 amended petition but did not
file a notice of appeal until June 11. Cibolo and Martin responded to the Longs’ December
15 amended petition with yet another motion for summary judgment and at least twice
submitted a proposed order substantively identical to that signed by the court on March 13. 
The Longs filed a notice of appeal ninety days after March 13.
          From this record we are unable to say whether the trial court intended a final order
or judgment. “If the appellate court is uncertain about the intent of the order, it can abate
the appeal to permit clarification by the trial court.” Lehmann, 39 S.W.3d at 206; Tex. R.
App. P. 27.2 (stating the appellate court may allow an appealed order that is not final to be
modified so as to be made final and may allow the modified order and all proceedings
relating to it to be included in a supplemental record). See Disco Mach. of Liberal Co. v.
Payton, 900 S.W.2d 71, 74 (Tex.App.–Amarillo 1995, writ denied) (abating for clarification).
          We, therefore, abate the appeal and remand the case to the trial court. On remand,
the trial court shall immediately give notice to appellate counsel and proceed apace to
supplement the record so that it shows whether or not the trial court rendered a final order
or judgment on March 13 and intended its March 13 order to completely dispose of all
claims and all parties in the case. If the trial court intended such disposition, it shall modify
the order to clearly and unequivocally evince that intent. If the trial court concludes it did
not so intend, it shall so certify in writing. The trial court shall then include the modified
order clarifying its intent regarding finality, or its certification that it did not so intend, in a
supplemental clerk’s record to be filed with the clerk of this court on or before November 
23, 2009.
          It is so ordered.
                                                                           Per Curiam 
 
Pirtle, J., dissenting.