NO. 07-03-0068-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 13, 2004
_____

JEREMY HAWA,

Appellant

v.

METROPOLITAN LIFE INSURANCE COMPANY,

Appellee
_____

FROM THE 136TH DISTRICT COURT OF JEFFERSON COUNTY;

NO. D-167,221; HON. MILTON SHUFFIELD, PRESIDING
_____

*Abatement and Remand*
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Jeremy Hawa (Hawa) appeals from a summary judgment denying him relief against Metropolitan Life Insurance Company (Metropolitan). Hawa sued to recover unearned premiums on a life insurance policy he purchased. Through two issues, he contends that the trial court erred. We abate the proceeding and remand it to the trial court for further action.

Initially, we note that even if the question is not raised by the parties, this court is obligated *sua sponte* to determine its jurisdiction to hear this appeal. *Welch v. McDougal*, 876 S.W.2d 218, 220 (Tex. App.--Amarillo 1994, writ denied). Next, it is axiomatic that in order to be final and appealable, a judgment must dispose of all issues and parties in the case. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Before we can discuss the issues raised by the parties, we must first determine whether the trial court's order, which purports to grant Metropolitan's motion for summary judgment, is a final judgment for purposes of appeal.

In *Lehmann,* the court reviewed the requirements for a judgment to be final and appealable. In doing so, it recognized and reiterated the rule that no presumption of finality may be indulged in favor of judgments not tried on the merits, *i.e.* summary judgments. *Id.* at 200, 204. Next, while it is true that a final summary judgment may undergo immediate appellate review, to be considered final, it must satisfy certain criteria. Of those criteria, the most important is the need for the rendition of an actual, final judgment or decree. The decretal portion of the order at bar reads as follows:

> ORDERED that defendant's Motion for Summary Judgment is GRANTED with prejudice. It is further;

> ORDERED that all costs of court be assessed against the plaintiff.

In *Chandler v. Reder*, 635 S.W.2d 895 (Tex. App.--Amarillo 1982, no writ), and *Disco Machine of Liberal Co. v. Payton*, 900 S.W.2d 71 (Tex. App.--Amarillo 1995, writ denied), we had occasion to consider summary judgments with similar decretal provisions. In *Disco,* we noted that such declarations are "nothing more than an indication of the trial court's decision *vis-a-vis* the motion[] for summary judgment." *Disco Machine of Liberal*

2

*Co. v. Payton*, 900 S.W.2d at 74. They do "not express a specific settlement of rights between the parties" or "disclose the specific and final result officially condoned by and recognized under the law." *Id.* at 74. Thus, such orders are not final.

In absence of the rendition of a final judgment or order, this court has no jurisdiction over the appeal. Dismissal is warranted. However, from utmost caution and to possibly avoid exposing the parties to needless expense, we instead follow the procedure expounded in *Disco Machine*. Consequently, we abate the appeal and remand the cause to the trial court. Upon remand, the trial court shall immediately give notice to appellate counsel and proceed forthwith to supplement the record to show whether or not a final judgment or order was rendered. If such a judgment or order was rendered, the rendition of same shall be reduced to writing, dated as of the date of rendition, and signed by the trial court; but if no such final decree was rendered, the court shall so certify in writing. The trial court shall then cause the final decree or certification that none was rendered to be included in a supplemental transcript, certified to by the clerk of the court, and transmitted to the clerk of this court no later than January 26, 2004.

Leave to supplement merely encompasses permission to augment the appellate record with the existing trial court record; it does not allow the creation of a new trial court record. *Graham v. Pazos De La Torre*, 821 S.W.2d 162, 165 (Tex. App.--Corpus Christi 1991, writ denied). Thus, if judgment was never rendered, the parties cannot cause it to now be rendered and included within the supplement.

Per Curiam

3