**David OLES, Appellant,**

v.

**Robert S. and Glenna R. CURL, Appellees.**

No. 07–00–0103–CV.

Court of Appeals of Texas, Amarillo.

April 6, 2001.

Joe Hayes, Amarillo, for appellant.

Kent Canada, Amarillo, for appellee.

Before BOYD, C.J., and QUINN, and JOHNSON, JJ.

QUINN, Justice.

David Oles (Oles) appeals from a final summary judgment entered in favor of Robert S. and Glenna R. Curl (the Curls). Through two issues, he asserts that the trial court erred in granting the judgment and denying his motion for new trial. We reverse and remand.

## Background

Oles sued the Curls seeking a declaratory judgment and damages for trespass and conversion. The dispute arose from Oles' execution, in favor of the Curls, of a promissory note and deed of trust assuring payment of the note. Oles defaulted and the Curls proceeded to foreclose upon the deed of trust. The foreclosure was scheduled to occur on April 4, 1995. However, a day prior to the scheduled foreclosure, Oles filed a petition for bankruptcy with the United States Bankruptcy Court for the Eastern District of Virginia. On April 4th, the foreclosure proceeded as scheduled. The Curls were the high bidders and the substitute trustee appointed to conduct the foreclosure conveyed the realty to them.

Thereafter, Oles initiated the suit at bar. Among other things, he contended that the foreclosure sale and purported conveyance to the Curls were void since both transpired in violation of the automatic stay provision of the United States Bankruptcy Code, 11 U.S.C. § 362. And, because the transactions were void, the Curls were allegedly trespassers on the property. So too did they allegedly convert various personalty located on the land once they took possession of the grounds. Thus, Oles prayed for a judgment 1) declaring the foreclosure and alleged conveyance void and 2) awarding him damages for trespass and conversion. Via an amended answer, the Curls sought judgment declaring that they were owners of the realty or, in the alternative, judicially foreclosing their deed of trust upon the property.

So too did the Curls move for summary judgment. They asserted that they were entitled to same because 1) Oles did not

file notice of his bankruptcy "in the real property records" of the county wherein the realty was located, and 2) they lacked knowledge of the proceeding when the foreclosure occurred. Given these circumstances, 11 U.S.C. § 549 supposedly barred Oles from nullifying the conveyance. The trial court agreed, granted the motion, and entered final judgment declaring, among other things, the sale "effective and not void for any reason." From the judgment, Oles appealed.

### Standard of Review

■ The applicable standard of review is well-settled and need not be reiterated. Instead, we cite the parties to *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910 (Tex.1997) and *Nixon v. Mr. Property Management Co. Inc.*, 690 S.W.2d 546 (Tex.1985) (involving the standard generally applicable to summary judgments) for an explanation of same. Furthermore, that the non-movant may not have filed a response to the motion (as occurred here) does not prevent him from attacking the judgment on appeal. Quite the contrary, he may still attempt to establish that the movant failed to illustrate its entitlement to judgment as a matter of law, *i.e.*, that the grounds asserted and evidence supporting same were not legally sufficient to warrant summary disposition. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); *Krchnak*

*v. Fulton*, 759 S.W.2d 524, 529 (Tex.App.—Amarillo 1988, writ denied).

### Application of Standard

■ Under his first point, Oles contends that the foreclosure was void since it occurred in violation of the automatic stay imposed by the United States Bankruptcy Code. Furthermore, because the foreclosure was void, the trial court allegedly erred in declaring that the Curls owned the property. We agree and sustain the point.

■ The filing of a petition in bankruptcy has a two-fold effect. First, it creates a bankruptcy estate comprised of all the debtor's property. 11 U.S.C. § 541(a)(1). Second, it imposes a stay preventing one from taking certain action against the debtor and the aforementioned estate. *See* 11 U.S.C. § 362 (describing the various acts subject to the stay). Included within the bar is a prohibition forbidding creditors from creating, perfecting, or enforcing "any lien against property of the estate." *Id.* at § 362(a)(4). Furthermore, actions taken in violation of the stay are void. *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988); *Chunn v. Chunn*, 929 S.W.2d 490, 493 (Tex.App.—Houston [1st Dist.] 1996, no writ).[1] That one may not have known of

---

1. The Curls suggest that actions taken in violation of the automatic stay are merely voidable and cite authority from judicial bodies other than the Texas Supreme Court in support of their position. However, because the latest pronouncement by the Texas Supreme Court is that such actions are "void, not merely voidable," *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex. 1988), we must follow it. *Deloitte & Touche v. Weller*, 976 S.W.2d 212 (Tex.App.—Amarillo 1998, writ denied), *cert. denied*, 526 U.S. 1117, 119 S.Ct. 1765, 143 L.Ed.2d 795 (1999) (holding that the decisions of the Texas Su-

preme Court bind the intermediate courts of appeal). However, the Supreme Court may wish to revisit the issue given that it has intimated that an automatic stay may be annulled to validate actions taken in contravention of 11 U.S.C. § 362. *Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 489 (Tex.1988). Simply put, if a supposedly void act can be validated then the act cannot actually be void. This is so because a void act is a nullity. *Brazzel v. Murray*, 481 S.W.2d 801, 803 (Tex.1972) (distinguishing between a void and voidable act); *In re Moreno*, 4 S.W.3d 278, 280–81 (Tex.App.—Houston

the stay matters not; the acts are nonetheless void. *See Graham v. Pazos De La Torre*, 821 S.W.2d 162, 164 (Tex. App.—Corpus Christi 1991, writ denied) (holding a foreclosure void even though the party conducting same knew not of the bankruptcy).

Here, it is undisputed that Oles petitioned for bankruptcy the day before the Curls foreclosed on the realty. Nothing of record indicates that the stay was lifted or annulled by judicial fiat or otherwise when the foreclosure occurred. Consequently, neither the Curls nor their substitute trustee could enforce their lien or deed of trust through foreclosure. 11 U.S.C. § 362(a)(4). Because they nonetheless attempted to do so, the foreclosure was void, and the Curls acquired no title to the property. *Graham v. Pazos De La Torre*, 821 S.W.2d at 164; *accord, Continental Casing Corp. v. Samedan Oil Corp., supra.* Furthermore, 11 U.S.C. § 549(c) does not compel a different result.

■■■■ Section 549(c) grants good faith purchasers of realty protection not afforded to others. That is, it declares that a transfer to such a purchaser cannot be set aside 1) if the purchaser lacked knowledge of the bankruptcy and paid fair equivalent value for the property and 2) "unless a copy or notice of the petition was filed ... where a transfer of ... [realty] may be recorded to perfect such transfer, before such transfer is so perfected" against a bona fide purchaser. 11 U.S.C. § 549(c). As can be seen, one claiming the protection of § 549(c) must prove that one acquired the property as a good faith purchaser 1) without knowledge of the bankruptcy and 2) before a copy or notice of the bankruptcy petition was filed in the locale where "a transfer

of real property may be recorded to perfect such transfer." *See In re Wingo*, 89 B.R. 54, 58 (Bankr.9th Cir.1988) (stating that application of § 549(c) "hinges on whether the transferee had knowledge, either constructive or actual, of the filing of the petition"). The summary judgment evidence at bar, however, satisfies neither of those elements. In other words, nowhere in their affidavits or other summary judgment evidence did the Curls attest or prove that they lacked knowledge of the bankruptcy or that Oles did not file notice of the bankruptcy in the local deed records prior to consummation of the foreclosure. Admittedly, they so alleged in their motion for summary judgment and pleadings, but neither are competent summary judgment evidence. *Acevedo v. Droemer*, 791 S.W.2d 668, 669 (Tex. App.—San Antonio 1990, no writ) (citing *Americana Motel Inc. v. Johnson*, 610 S.W.2d 143 (Tex.1980)). So, given this absence of evidence, the Curls did not prove either the elements of § 549(c) nor their entitlement to summary judgment.

Moreover, implicit in § 549(c) is the prerequisite that a transfer occurred which is susceptible to negation. Yet, as per *Graham* and *Continental Casing*, the foreclosure was void. Because it was void, there never arose a transfer between the substitute trustee and the Curls. *In re Smith*, 224 B.R. 44, 47 (Bankr.E.D.Mich.1998) (holding that the foreclosure held in violation of the automatic stay did not result in a transfer for purposes of § 549(c)); *In re Formisano*, 148 B.R. 217, 224 (Bankr. D.N.J.1992) (holding that the tax sale held in violation of the automatic stay did not result in a transfer within § 549(c)); *Graham v. Pazos De La Torre*, 821 S.W.2d at 164 (holding that because the foreclosure

[14th Dist.] 1999, no writ) (doing the same). And, being a nullity, it cannot be ratified. *Id.* So, there appears to be some conflict between

*Goswami* and *Continental Casing* which the Supreme Court may wish to settle.

occurred in violation of the automatic stay the purchaser at the sale did not and could not acquire title to the realty). There being no transfer, there was nothing at bar to which § 549(c) could apply (even if the Curls had presented evidence satisfying the elements of 549(c)).[2] *In re Smith,* 224 B.R. at 47; *In re Formisano,* 148 B.R. at 224. So, application of § 549(c) did not warrant summary judgment as contended by the Curls in their motion for summary judgment.

In sum, the Curls failed to prove their entitlement to summary judgment as a matter of law. So, we sustain Oles' first point of error, reverse the summary judgment, and remand the cause for further proceedings.

---

**2.** Again, the Curls cite authority holding that § 549(c) can be used to validate a transfer taken in violation of the automatic stay. Yet, their authority is premised on the notion that a transfer occurred or that an act in violation of the automatic stay is merely voidable. *See e.g., In re Germer,* 107 B.R. 217 (Bankr.D.Neb. 1989) (holding it voidable, not void); *Tim*

*Wargo & Sons, Inc. v. Equitable Life Assurance Soc'y of U.S.,* 34 Ark.App. 216, 809 S.W.2d 375 (1991) (holding the same). Given *Continental,* its authoritativeness, its directive that such acts are void, and the logical conclusion that a void conveyance is no conveyance, we find the Curls' citations inapposite.