NUMBER 13-02-510-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

ALICIA P. LEVITAS, INDIVIDUALLY AND AS 
ADMINISTRATRIX OF THE ESTATE OF
SARAH PASOL FACTOR, DECEASED,                                 Appellant,

v.

PEDRO L. BARRAZA, MARIA ELENA BARRAZA,
AND BARRAZA FAMILY LIMITED PARTNERSHIP,                 Appellees.
___________________________________________________________________

On appeal from the 357th District Court
of Cameron County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez

         This is an appeal from a declaratory judgment action filed by appellant, Alicia
P. Levitas, individually and as administratrix of the estate of Sarah Pasol Factor (Pasol),
deceased, wherein the trial court granted summary judgment in favor of appellees,
Pedro L. Barraza, Maria Elena Barraza, and the Barraza Family Limited Partnership. By
one issue, appellant contends the trial court erred in granting appellees' summary
judgment motion. We reverse and remand.
I. Facts
         This is a memorandum opinion and the parties are familiar with the facts. 
Therefore, we will not recite the facts except as necessary to advise the parties of the
Court's decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. Standard of Review
         Granting of a defendant’s motion for summary judgment is proper only when the
evidence establishes there is no genuine issue of material fact concerning at least one
essential element of a plaintiff’s cause of action. Gibbs v. General Motors Corp., 450
S.W.2d 827, 828 (Tex. 1970), or conclusively establishes each element of an
affirmative defense. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671,
678 (Tex. 1979). When reviewing a summary judgment, we take as true all evidence
favorable to the non-movant and indulge every reasonable inference in the non-movant’s favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 549 (Tex.
1985) (setting out standard generally applicable to review of summary judgments); see
Tex. R. Civ. Proc. 166a, Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911-12 (Tex. 1997); Sanchez v. Matagorda County, 124 S.W.3d 350, 352 (Tex.
App.–Corpus Christi 2003, no pet.).III. Analysis
         On October 6, 1997, Pasol filed a bankruptcy petition. The next day B. Crowley
Mack foreclosed a second or junior lien on appellant's real property, the property at
issue in this case. Eric Williams, a third-party purchaser, bought the property at
Mack's foreclosure sale. On January 18, 1998, the court dismissed this bankruptcy
proceeding. On February 28, 1998, Pasol again petitioned for bankruptcy. On March
3, 1998, Pasol was in default of a debt owed to the Barraza Family Limited
Partnership. The Partnership foreclosed its first or senior lien on the subject property,
taking title from Williams. The February 28 bankruptcy proceeding was dismissed on
May 18, 2000.
         On October 5, 2001, appellant filed suit against appellees seeking a declaratory
judgment that the foreclosure by Mack and the foreclosure by the Barraza Family
Limited Partnership were void. Appellant asserted, among other things, that both
foreclosures and purported conveyances were void because they were conducted in
violation of the automatic stay provision of the United States Bankruptcy Code. See
11 U.S.C. § 362 (setting out various acts subject to stay). Appellees generally denied
the allegations and asserted the following: (1) no justiciable interest; (2) no standing;
and (3) the suit was barred by limitations or laches. Appellees also moved for
summary judgment asserting the following bases for their motion: (1) no justiciable
interest and standing; (2) no jurisdiction; (3) no remedy under the bankruptcy stay
because the property was not included in the bankruptcy estate, the violation of the
stay, if any, resulted in a voidable not a void action, and the violation claim was not
timely; (4) limitations; (5) laches; and (6) the elements of the suit to remove the cloud
from the title could not be proven. The trial court granted appellees' motion without
specifying the basis for its ruling. Appellant challenges this judgment.A. Bankruptcy Appellant argues that both the non-judicial foreclosure of the junior lien on
October 7, 1997, and the non-judicial foreclosure of the senior lien by appellees on
March 3, 1998, were void because they violated the automatic stays created by the
October 6, 1997 and February 24, 1998 bankruptcy petitions, respectively.
         Actions taken against a debtor in violation of a bankruptcy stay are void and
without legal effect. Continental Casing Corp. v. Samedan Oil Corp., 751 S.W.2d
499, 501 (Tex. 1988); Oles v. Curl, 65 S.W.3d 129, 131 (Tex. App.–Amarillo 2001,
no pet.); see In re S.W. Bell Tel. Co., 6 S.W.3d 753, 754 (Tex. App.–Corpus Christi
1999, orig. proceeding); Sanchez v. Hester, 911 S.W.2d 173, 176 (Tex. App.–Corpus
Christi 1995, orig. proceeding); Graham v. Pazos de la Torre, 821 S.W.2d 162, 164
(Tex. App.–Corpus Christi 1991, writ denied); see also In re S.W. Bell Tel. Co., 35
S.W.3d 602, 604, (Tex. 2000, orig. proceeding); but see Rowe v. Ocwen Fed. Bank
& Trust, 220 B.R. 591, 595 (Bankr. E.D. Tex. 1997) (citing In re Jones, 63 F.3d 411,
412 (5th Cir. 1995) (law in 5th Circuit is that actions taken in violation of bankruptcy
stay section 362 are merely voidable and not void)). The acts are void even though
one may not have known of the stay. See Oles, 65 S.W.3d at 131-32 (citing Graham,
821 S.W.2d at 164).
         "The bankruptcy court may take some action, such as annulling the stay, to
retroactively validate actions taken in violation of the stay." Huddleston v. Tex.
Commerce Bank–Dallas, N.A., 756 S.W.2d 343, 345 (Tex. App.–Dallas 1988, writ
denied). However, absent such an action by the bankruptcy court, an action that
would have been initiated by appellees in this case, the mere termination of the stay
does not validate actions taken in violation of it. See id. at 345-46.
         Accordingly, because the foreclosures and subsequent sales of the property
violated the bankruptcy stay and, thus, were void, we conclude the trial court erred 
if it rendered summary judgment on this basis.
B. Justiciable Interest and Standing 
         Appellant also contends she has a justiciable interest and standing to file this
action. By her declaratory judgment action, appellant claims that appellees' non-judicial foreclosure and subsequent sale of the property deprived Pasol or her estate
and appellant of ownership of the property. Appellant seeks a declaration that she and
Pasol or her estate are still the lawful owners of the subject property.
         "To establish standing, one must show a justiciable interest by alleging an actual
or imminent threat of injury peculiar to one's circumstances and not suffered by the
public generally." Tex. Lottery Comm'n v. Sci. Games Int'l, 99 S.W.3d 376, 380
(Tex. App.–Austin 2003, pet. den'd); Elizondo v. Tex. Natural Res. Conservation
Comm'n, 974 S.W.2d 928, 932 (Tex. App.–Austin 1998, no pet.) (citing Warth v.
Seldin, 422 U.S. 490, 498-99 (1975) (general standard for determining whether
plaintiff has standing is whether she has such personal stake in outcome of
controversy as to warrant invocation of court's jurisdiction and to justify exercise of
court's remedial powers on her behalf)). Having concluded the foreclosures of the
liens on appellant's property are void, we must also conclude appellant has a justiciable
interest and standing to file this action. Thus, the trial court erred if it granted
appellees’ summary judgment on this basis.
C. Limitations
         Appellant also contends that the trial court erred if it granted appellees' motion
for summary judgment on the basis of limitations. In their motion, appellees raised the
affirmative defense of limitations pursuant to section 16.024 of the Texas Civil
Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 16.024 (Vernon
2002). Section 16.024 provides that "a person must bring suit to recover property
held by another in peaceable and adverse possession under title or color of title not
later than three years after the day the cause of action accrues." Id. However, a
person holding a void deed does not have title or color of title and is not entitled to the
protection of the three-year statute of limitations. Field Measurement Serv. Inc. v.
Ives., 609 S.W.2d 615, 620-21 (Tex. Civ. App.–Corpus Christi 1980, writ ref'd
n.r.e.). Therefore, having concluded the actions taken in violation of the bankruptcy
stay in this case are void, appellees are not entitled to the protection of the three-year
statute of limitations, see id., and the trial court erred if it granted summary judgment
on this basis.
D. Laches 
         Appellant further contends the trial court erred if it granted summary judgment
on the basis of the affirmative defense of laches. We agree. Laches should not bar
an action on which limitations has not run unless allowing the action would work a
grave injustice or unless estoppel or extraordinary circumstances are present. See
Caldwell v. Barnes, 975 S.W.2d 535, 538 (Tex. 1998); Bluebonnet Sav. Bank, F.S.B.
v. Grayridge Apartment Homes, Inc., 907 S.W.2d 904, 912 (Tex. App.–Houston [1st
Dist.] 1995, writ denied). As set out above, appellees' limitation defense is not a bar
in this case. Moreover, appellees have offered no summary judgment proof of a grave
injustice or extraordinary circumstances. We, therefore, conclude the trial court erred
if summary judgment was granted on the basis of laches.
E. Elements of Suit to Remove Cloud from Title 
         Finally, appellant asserts that the trial court erred in granting summary judgment
if its determination was based on appellees' argument that appellant cannot prove the
elements of a suit to remove cloud from title.
         The purpose of a suit to quiet title is "to enable the holder of the feeblest equity
right to remove from his way to legal title any unlawful hindrance having the
appearance of a better right." Bell v. Ott, 606 S.W.2d 942, 952 (Tex. Civ.
App.–Waco 1980, writ ref'd n.r.e.) (quoting Thomson v. Locke, 66 Tex. 383, 1 S.W.
112, 115 (Tex. 1886)). The plaintiff in a suit to quiet title must allege right, title, or
ownership in herself with sufficient certainty to enable the court to see she has a right
of ownership that will warrant judicial interference. See Ellison v. Butler, 443 S.W.2d
886, 888-89 (Tex. Civ. App.–Corpus Christi 1969, no writ). A plaintiff may meet this
burden in one of four ways: (1) she can show title emanating from the sovereignty
of the soil to herself; (2) she can show title in herself emanating from a common
source to which the defendant claims; (3) she may show title through limitations; or
(4) she can show prior possession antedating defendant's possession. Katz v.
Rodriguez, 563 S.W.2d 627, 629 (Tex. Civ. App.–Corpus Christi 1977, no writ).
         In appellant's second amended original petition with exhibits and in her response
to appellees' motion for summary judgment, appellant alleged right, title, or ownership
in herself and Pasol or her estate. Moreover, appellees' summary judgment evidence
included a second deed of trust conveying the subject property from Pasol to the
trustee. The conveyance, executed by Pasol and filed of record on February 7, 1994,
prior to the conveyances at issue in this case, was made in trust to secure the
payment of a promissory note to the Barrazas. Taking as true all evidence favorable
to appellant, the non-movant, and indulging every reasonable inference in appellant’s
favor, see Nixon, 690 S.W.2d at 549, we cannot conclude there is no genuine issue
of material fact concerning appellant's allegation that she and Pasol or her estate have
right, title, or ownership of the property at issue in this case, the element about which
appellees complained in their motion for summary judgment. See Gibbs, 450 S.W.2d
at 828. Thus, the trial court erred if it granted summary judgment on this basis.
         Appellant's sole issue is sustained.
IV. CONCLUSION
         Accordingly, we reverse the trial court's judgment and remand for proceedings
consistent with this opinion. 
 
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Memorandum Opinion delivered and 
filed this 29th day of July, 2004.