ACCEPTED
04-15-00267-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/11/2015 10:29:18 AM
KEITH HOTTLE
CLERK

NO. 04-15-00267-CV

IN THE COURT OF APPEALS

THE FOURTH DISTRICT OF TEXAS

SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
09/11/2015 10:29:18 AM
KEITH E. HOTTLE
Clerk

DOLORES REYNOSO, and all other OCCUPANTS,

Appellant,

v.

LOFT CONCEPTS, INC.,

Appellee.

Appeal from the County Court at Law Number Three
Bexar County, Texas
Trial Court Case No. 2015CV00936
Hon. David J. Rodriguez, presiding

First Amended Appellant's Brief

## Identity of the Parties

**Appellant/Defendant**
DOLORES REYNOSO

**Counsel for Appellant/Defendant**

James Minerve
State Bar No. 24008692
115 Saddle Blanket Trail
Buda, Texas 78610
(210) 336-5867
(888) 230-6397 (Fax)
Email: jgm@monervelaw.com
(Appellate, Post-trial, and Trail)

**Appellee/Plaintiff**
LOFT CONCEPTS, INC.

**Counsel for Appellee/Plaintiff**

RL WILSON LAW FIRM
Trey Wilson
111 W. Olmos Dr.
San Antonio, Texas 78212
(210) 335-2147
(210) 930-9353 Fax
Rwl3d@sa-law.com
 (Appellate, Post-trial, and Trail)

## Table of Contents

Identity of the Parties ................................................................................2

Table of Authorities ................................................................................4

Statement of the Case................................................................................6

Statement Regarding Oral Argument ........................................................7

The Record Of Appeal ...............................................................................8

Statement of Facts......................................................................................10

Summary of the Argument..........................................................................10

Prayer ..........................................................................................................20

Appendix ......................................................................................................23

# Table of Authorities

**Cases**                                                                                **Page**

*Allied First Nat. Bank of Mesquite v. Jones,* 766 S.W.2d 800, 804 (Tex.App.-Dallas 1988, no writ) .................................................................................................................11

*Beard v. Aurora Loan Services, LLC,* 2006 WL 1350286 .....................................13

*Black v. Washington Mut. Bank*, 318 S.W.3d 414, 416 (Tex. App.-Houston [1st Dist.] 2010, pet. dism'd w.o.j.) .................................................................................14

*Boggs v. Boggs,* 520 U.S. 833, 844, 117 S.Ct. 1754, 138 L.Ed.2d 45 (1997).........18

*Bonilla v. Roberson,* 918 S.W.2d 17 (Tex.App.-Corpus Christi 1996, no writ) .....12

*Bruce v. Fed. Nat'l Mortg. Ass 'n*, 352 S.W.3d 891 (Tex. App.-Dallas 2011, pet. denied)...........................................................................................................16, 17

*Diversified, Inc. v. Walker*, 702 S.W.2d 717 (Tex.App.-Houston [1st Dist.] 1985, writ ref'd n.r.e.) ................................................................................................10, 11, 12

*Dormady v. Dinero Land & Cattle Co., L.C.,* 61 S.W.3d 555 (Tex.App.-San Antonio, 2001, no writ).................................................................................13, 17

*Elwell v. Countywide Home Loans, Inc.*, 267 S.W.3d 566 (Tex. App.-Dallas 2008, pet. dism'd w.o.j.) .......................................................................................17

*Field Measurement Serv., Inc. v. Ives,* 609 S.W.2d 615 (Tex.App.-Corpus Christi 1980, writ ref'd n.r.e.) .................................................................................11

*First Southern Properties, Inc. v. Vallone,* 533 S.W.2d 339 (Tex.1976)..........10, 11

*First State Bank v. Keilman,* 851 S.W.2d 914, 924 (Tex.App.-Austin 1993, writ denied)...........................................................................................................12, 13

*Goggins v. Leo*, 849 S.W.2d 373 (Tex. App.-Houston [14th Dist.] 1993, no writ) 13

*Hammonds v. Holmes*, 559 S.W.2d 345 (Tex. 1977) .............................................11

*Henke v. First Southern Properties, Inc.,* 586 S.W.2d 617 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.)...................................................................................10

*Hopes v. Buckeye Ret. Co., LLC*, No. 13-07-00058-CV, 2009 WL 866794 (Tex. App.-Corpus Christi, Apr. 2, 2009, no pet.) .....................................................16, 17

*Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169 (Tex. App.-Houston [1st Dist.] 1995, writ denied) .............................................................13, 14, 15, 16, 17

*Morris v. American Home Mortgage Servicing*, 360 S.W.3d 32 (Tex. App.-Houston [1st Dist.] 2011, no pet.) .................................................................15, 16, 17

*Oles v. Curl,* 65 S.W.3d 129 (Tex.App.-Amarillo 2001, no pet.) ...........................11

*Pentad Joint Venture v. First Nat. Bank of La Grange,* 797 S.W.2d 92, 96 (Tex.App.-Austin 1990, no writ) ..............................................................................12

*Peterson v. Black,* 980 S.W.2d 818 (Tex.App. 1988) .............................................11

*Rice v. Pinney,* 51 S.W.3d 705, 712-13 (Tex. App.-Dallas 2001, no pet.)........15, 17

*Sani v. Powell,* 153 S.W.3d 736 (Tex.App.-Dallas 2005, pet. denied) ...................11

*Scarborough v. Winn Residential L.L.P./Atlantic Terrace Apartments*, 890 A.2d 249

(2006) ..............................................................................................................18

*Silliman v. Gammage*, 55 Tex. 365, 1881 Tex. LEXIS 127, *9–11, 1881 WL 9787 (1881) ..............................................................................................................11

*Slaughter v. Qualls,* 139 Tex. 340, 162 S.W.2d 671 (1942) ............................10, 11

*Spring Branch Independent School Dist. v. Siebert,* 100 S.W.3d 520 (Tex.App.-Houston [1st Dist.] 2003, no pet.)..............................................................................11

*Villalon v. Bank One,* 176 S.W.3d 66, (Tex. App.-Houston [1st Dist.] 2004, no pet.) ..............................................................................................................................15

*Yarto & DTRJ Invs., L.P. v. Gilliland*, 287 S.W.3d 83 (Tex. App.--Corpus Christi 2009, no pet.) .............................................................................................16, 17

**United States Code**
12 U.S.C. 2605(k)(C) ................................................................................ 9, 18

**Code of Federal Regulations**
12 C.F.R. 1024.33(d) ........................................................................................18
12 C.F.R.1024.35(b)(9).................................................................................. 9, 18
12 C.F.R.1024.35(b) (10).............................................................................. 9, 18
12 C.F.R 1024.41(f)(2) ................................................................................. 9, 18
12 C.F.R 1024.41(f) (g) ................................................................................ 9, 18
24 C.F.R. 3500.21(h) ........................................................................................18

**Texas Rules of Civil Procedure**
Texas Rule of Civil Procedure Section 746.......................................................13
Texas Rule of Civil Procedure Section 749.......................................................13

**Texas Government Code**
Texas Government Code Section 27.031(b)(4) ...................................................14

**Texas Property Code**
Texas Property Code Section 24.004..................................................................13
Texas Property Code Section 51.002..................................................................13

## Statement of the Case

This is a Forcible Detainer Case. On or about October 11, 2014, the Appellee filed a Forcible Detainer Action. On January 27, 2015 the JP Court issued a judgment in favor of Appellee.[1] The Appellant appealed to the County Court at Law No. 3. The County Court held a trial de novo and issued a judgment in favor of Appellee on April 20, 2015.[2] This appeal followed.

---

[1] *See* Exhibit A.
[2] *See* Exhibit B.

## Statement Regarding Oral Argument

Pursuant to Texas Rules of Appellate Procedure 39.1, Dolores Reynoso requests oral argument and submits that oral argument would materially aid the decisional process in this case.

# The Record on Appeal

This brief will refer the record as follows:

| | |
|---|---|
| Clerks Record | "CR____" |
| Supplemental Clerk's Record | "Supp.____" |
| Deposition Testimony in Clerk's Record | "CR___, [Name] Dep. at ___" |
| Reporter's Record | "____RR____" |
| Appellee's Brief | "App'e Br. At___" |
| Appellee's Exhibits | "App'e X ___" |

## Issues Presented

Appellant respectfully submits the following trial brief which outlines the legal framework in which the Court should consider the following:

1. Does Appellee's failure to comply with Federal laws governing foreclosure of loans secured by a homestead render a Substitute Trustee Deed *void ab initio*, necessitating a decision as to title, and thereby deprive the lower courts of jurisdiction to hear a forcible detainer action?

2. Under these circumstances, do the relevant provision of RESPA and Regulation X preempt state law?

## Statement of Facts

This is a Forcible Detainer Case. On or about October 11, 2014, the Appellee filed a Forcible Detainer Action. On January 27, 2015, the JP Court issued a judgment in favor of Appellee. CR 181 The Appellant appealed to the County Court at Law No. 3.CR 59 The County Court held a trial de novo and issued a judgment in favor of Appellee on April 20, 2015.CR 47 This appeal followed.

Appellant submitted a complete loan modification application to their loan servicer, well over 37 days before the purported substitute trustee sale.

Appellant has not received a rejection letter from the loan servicer regarding the loan modification application. CR 47

## Summary of the Argument

The purported substitute trustee sale was unlawful because Appellant submitted a completed loan modification application, well over 37 days before the foreclosure. CR 218 The loan servicer never sent Appellant a hard rejection letter as required by RESPA and Regulation X. Consequently, the purported substitute trustee lacked authority to conduct the sale, and the purported substitute trustee sale was *void ab initio*. Therefore, this court lacks jurisdiction to hear this matter since a title dispute is inherently raised.

Congress expressed its intent in RESPA and Regulation X that mortgage servicers must halt foreclosure under certain limited circumstances. Because the non-judicial foreclosure and forcible detainer scheme under Texas law allows a mortgage servicer to foreclose on a homestead without any need to prove compliance with law, and then to remove the homeowner from the property, Texas law stands as an obstacle to the accomplishment and execution of the full purposes and

objectives of Congress.

## Argument

## The Substitute Trustee Lacked Authority to Foreclose

1.    12 U.S.C. 2605(k) (C) and Regulation X (RESPA), i.e., 12 C.F.R 1024.41(g), prohibit a loan servicer from proceeding with a scheduled foreclosure, if the loan servicer received a completed loan modification application and did not provide the borrower with a rejection letter at least 30 days before the scheduled foreclosure sale.

2.    Appellant submitted a complete loan modification application to their loan servicer, well over 37 days before the purported substitute trustee sale.

3.    Appellant has not received a rejection letter from the loan servicer regarding the loan modification application.

4.    Therefore, the trustee was prohibited from conducting the purported substitute trustee sale of the property.

5.    In the instant case, since the conditions and limitations on the trustee's power to convey the land were never fulfilled, such power never lawfully came into being, and the foreclosure sale was void. *See Slaughter v. Qualls*, 162 S.W.2d at 675. In *Henke v. First Southern Properties, Inc.*, 586 S.W.2d 617 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.). First Southern Properties was a purchaser at a void foreclosure sale. The court held that the trustee conducting the sale had no lawful authority to offer the property for sale, and therefore, the purchaser could not acquire title to the property. *Henke*, 586 S.W.2d at 620.

6.    The general effect of a good faith purchaser for value without notice does not apply to a purchaser at a *void* foreclosure sale. A purchaser at a foreclosure sale obtains only such title as the trustee had authority to convey. *First Southern*

*Properties, Inc. v. Vallone,* 533 S.W.2d 339, 341 (Tex.1976).

7.      Whether a trustee's deed at a foreclosure sale is void or voidable depends on its effect upon the title at the time it was executed and delivered. *Diversified, Inc. v. Walker*, 702 S.W.2d 717, 721 (Tex.App.-Houston [1st Dist.] 1985, writ ref'd n.r.e.). If the deed is a mere nullity, passing no title and conferring no rights whatsoever to the purchaser, then it is void ab initio. However, if the deed passed title to the purchaser, subject only to the rights of the grantor to have it set aside because it was improperly made, then the deed is voidable. Id. (citing *Slaughter v. Qualls,* 139 Tex. 340, 162 S.W.2d 671, 674 (1942)). "That which is void is without vitality or legal effect. That which is voidable operates to accomplish the thing sought to be accomplished, until the fatal vice in the transaction has been judicially ascertained and declared." *Slaughter,* 162 S.W.2d at 674.

8.      A purchaser obtains no greater interest in the property than the debtor himself could have conveyed at the time of the sale. *Allied First Nat. Bank of Mesquite v. Jones,* 766 S.W.2d 800, 804 (Tex.App.-Dallas 1988, no writ) ("Since the conditions and limitations on the trustee's power to convey the land were never fulfilled, such power never lawfully came into being, and the foreclosure sale and trustee's deed were therefore void."); *see also Sani v. Powell,* 153 S.W.3d 736, 742 (Tex.App.-Dallas 2005, pet. denied) (finding that if the sheriff acts outside his authority in the foreclosure sale, the sale is void and title does not pass); *Spring Branch Independent School Dist. v. Siebert,* 100 S.W.3d 520, 524 (Tex.App.-Houston [1st Dist.] 2003, no pet.) (finding a foreclosure on a tax lien is void because it failed to describe a definite tract of land); *Oles v. Curl,* 65 S.W.3d 129, 131 (Tex.App.-Amarillo 2001, no pet.) (finding foreclosure sale void because it was conducted in violation of an automatic stay); *Field Measurement Serv., Inc. v. Ives,*

609 S.W.2d 615, 620 (Tex.App.-Corpus Christi 1980, writ ref'd n.r.e.) (void deed is neither title nor color of title for purposes of three-year statute of limitations).

9.    However, when a foreclosure sale is void, whether the purchaser is a bona fide purchaser is irrelevant. *Diversified, Inc.*, 702 S.W.2d at 721 ("The general effect of a "good faith purchaser for value without notice" does not apply to a purchaser at a void foreclosure sale.") (citing *First Southern Properties, Inc. v. Vallone*, 533 S.W.2d 339, 343 (Tex.1976)).

10.   Because title never passes between parties in a void foreclosure sale, the remedy is to place the parties in the same position they were before, as if the foreclosure had never taken place. *Silliman v. Gammage*, 55 Tex. 365, 1881 Tex. LEXIS 127, *9–11, 1881 WL 9787 (1881); *Diversified, Inc.*, 702 S.W.2d at 721 (after finding a void foreclosure sale, the court found that "the trial court properly sought to restore the parties to the same position that they would have been in but for the wrongful sale").

11.   A trustee exercising the authority to foreclose in accordance with the terms of a deed of trust does not act merely as an agent or employee of the lienholder but has a separate capacity with a particular legal responsibility. *Peterson v. Black*, 980 S.W.2d 818, 822 (Tex.App. 1988) (citing *Hammonds v. Holmes*, 559 S.W.2d 345, 347 (Tex. 1977).

12.   The trustee becomes a special agent for both the debtor and the lienholder and must act with absolute impartiality and fairness in conducting a foreclosure. *Id.* (citing *Bonilla v. Roberson,* 918 S.W.2d 17, 21 (Tex.App.-Corpus Christi 1996, no writ)). "Similar to the duties of a mortgagee, the trustee must conduct a foreclosure sale fairly and not discourage bidding by acts or statements made before or during the sale." *Id.* (citation omitted).

13.    However, the trustee has no duty to take affirmative actions beyond that required by statute or the deed of trust to ensure a fair sale. *Id.* (citing *First State Bank v. Keilman,* 851 S.W.2d 914, 924 (Tex.App.-Austin 1993, writ denied)); *Pentad Joint Venture v. First Nat. Bank of La Grange,* 797 S.W.2d 92, 96 (Tex.App.-Austin 1990, no writ).

14.    A trustee's duties are fulfilled by complying with the deed of trust. *Id.* (citing *First State Bank v. Keilman,* 851 S.W.2d at 925). The trustee does have a duty, however, to strictly comply with terms of the deed of trust as well as [applicable Constitutional and statutory provision, regulations and] the notice and sale provisions of § 51.002 of the Texas Property Code. *Beard,* 2006 WL 1 350286 *7 (citation omitted).

## Lack of Subject Matter Jurisdiction

15.    Appellee has no right to possession because the lower Court lacks subject matter jurisdiction to decide the forcible detainer petition. Justice of the peace courts and, on appeal, county courts, have jurisdiction of forcible-detainer suits. TEX. PROP. CODE ANN. § 24.004 (Vernon Supp. 2011); TEX. R. CIV. P. 749.

16.    The sole issue in a forcible-detainer action is which party has the right to immediate possession of the property. TEX. R. CIV. P. 746; *Dormady v. Dinero Land & Cattle Co., L.C.,* 61 S.W.3d 555, 557 ("[T]he merits of the title shall not be adjudicated"). Accordingly, to prevail in a forcible-detainer action, the plaintiff need not prove title but merely present sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Dormady*, 61 S.W.3d at 557 (citing *Goggins v. Leo*, 849 S.W.2d 373, 377 (Tex. App.-Houston [14th Dist.] 1993, no writ)).

17.    Courts have recognized that a question of title may be so intertwined

with the issue of possession so as to preclude adjudication of the right to possession without first determining title. In such cases, neither the justice court nor the county court on appeal, has jurisdiction. *Dormady*, 61 S.W.3d at 557-58; *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App.-Houston [1st Dist.] 1995, writ denied). Whether such subject-matter jurisdiction exists "is a question of law, subject to de novo review." *Black v. Washington Mut. Bank*, 318 S.W.3d 414, 416 (Tex. App.-Houston [1st Dist.] 2010, pet. dism'd w.o.j.).

18. A justice court may not adjudicate title to land. TEX. GOV'T CODE ANN. § 27.031(b)(4) (Vernon Supp 2011). Subject-matter jurisdiction can be raised at any time, including for the first time on appeal. *ld*. Whether an existing title dispute in another court deprives the justice and county courts of jurisdiction to adjudicate possession in forcible-detainer actions generally turns on whether there is a basis-independent of the claimed right to title-for the Plaintiff's claim of superior possession rights in the property.

19. In *Mitchell v. Armstrong Capital Corp.*, the Court held that a pending title dispute in state district court deprived the justice courts, county courts, and courts of appeal of jurisdiction over a claimed right of possession flowing from rights as the purchaser at a foreclosure sale. 911 S.W.2d at 169. In that case, title to the property owner's home was burdened with a Builder's and Mechanic's Lien Contract securing payment on a promissory note to Armstrong Capital Corporation for repairs. Id. at 170. After the property owner defaulted, Armstrong Capital requested enforcement of the lien and it purchased the property at the resulting substitute trustee's sale. *Id*. After the property owner refused a demand to vacate, Armstrong Capital filed a forcible-detainer action. *Id*.

20. Among other defenses, the property owners asserted that the lower

courts, and appellate Court, lacked jurisdiction because they had requested abatement of the forcible-detainer action pending the outcome of a lawsuit they filed in state district court seeking to set aside the foreclosure. *Id*. At 170-71. The Texas Supreme Court agreed, explaining that "[b'[ecause a 'title issue' was involved in the courts below, they had no subject matter jurisdiction over the case." *Id*. at 170.

21.    In contrast, in *Morris v. American Home Mortgage Servicing*, the Texas Supreme Court addressed jurisdictional arguments identical to those made by appellants in *Mitchell*, but held that the justice court, county court, and appellate Courts did have jurisdiction. 360 S.W.3d 32, 35 (Tex. App.-Houston [1st Dist.] 2011, no pet.). There the Texas Supreme Court noted that, unlike in Mitchell, "the original deed of trust contained language establishing a landlord-tenant relationship between the borrower and the purchaser." Id. The Texas Supreme Court concluded this was a dispositive difference because it provided a basis to resolve rights to possession without resolving the ultimate title dispute:

> "The existence of a landlord-tenant relationship provides a basis for the court to determine the right to immediate possession without resolving the question of title. See *Villalon [v. Bank One],* 176 S.W.3d [66,] 71 [(Tex. App.-Houston [1st Dist.] 2004, no pet.)]. When, however, the right to possession depends upon the resolution of a question of title, neither the justice court nor the county court has jurisdiction. *Mitchell v. Armstrong Capital Corp.,* 911 S.W.2d 169, 171 (Tex. App.- Houston [1st Dist.] 1995, writ denied).
>
> ….
>
> Because the plaintiff in a forcible detainer action is only required to demonstrate a superior right to immediate possession, the county court can determine possession without quieting title if the deed establishes a landlord-tenant relationship between the borrower and the purchaser of the property at the foreclosure sale. See *Villalon,* 176 S.W.3d at

71; *Rice v. Pinney,* 51 S.W.3d 705, 712-13 (Tex. App.-Dallas 2001, no pet.). At the hearing, AHMS introduced the substitute trustee's deed, showing that Wells Fargo was the successor in interest to Option One Mortgage Corporation, and that it, through its servicing agent, ARMS, had purchased the property at the foreclosure sale. Evidence presented in the county court also established that the original deed of trust contained language establishing a landlord-tenant relationship between the borrower and the purchaser. ARMS also introduced the notice to vacate, which named it as the successor in interest, as a servicing agent, to Option One Mortgage Corporation. Because the evidence in the county court showed that ARMS was the service agent for Wells Fargo, and there was a landlord tenant-relationship between Morris and Wells Fargo, the county court could determine possession without quieting title. Accordingly, we hold that the justice and county courts were not deprived of subject-matter jurisdiction."

*Morris*, 360 S.W.3d at 34-35; see also *Yarto & DTRJ Invs., L.P. v. Gilliland*, 287 S.W.3d 83, 89 (Tex. App.--Corpus Christi 2009, no pet.) ("In most situations, the parties in a forcible detainer suit are in a landlord-tenant relationship. One indication that a justice court, and a county court on appeal, is called on to adjudicate title to real estate in a forcible detainer case-and, thus exceed its jurisdiction-is when a landlord-tenant relationship is lacking.").

22. Courts have consistently followed or distinguished *Mitchell* on the same basis. Compare *Yarto*, 287 S.W.3d at 89-90 (concluding justice court lacked subject-matter jurisdiction in forcible-detainer action because determining who had a superior right of possession required immediate resolution of title dispute) and *Hopes v. Buckeye Ret. Co., LLC*, No. 13-07-00058-CV, 2009 WL 866794, at *5 (Tex. App.-Corpus Christi, Apr. 2, 2009, no pet.) ("Without a landlord-tenant relationship or other basis independent of the Community Improvements contract,

the justice court could not determine the issue of immediate possession without determining ownership of the property."), with *Bruce v. Fed. Nat'l Mortg. Ass 'n*, 352 S.W.3d 891, 893-94 (Tex. App.-Dallas 2011, pet. denied) (agreeing that "title determination was not required to determine the right to possession because the landlord-tenant relationship [found within the deed] provided an independent basis for possession" such that justice court had jurisdiction over forcible-detainer claim); *Elwell v. Countywide Home Loans, Inc.*, 267 S.W.3d 566, 569 (Tex. App.-Dallas 2008, pet. dism'd w.o.j.) (holding justice and county courts had jurisdiction in forcible-detainer action because deed of trust rendered appellant a "tenant at sufferance," giving rise to landlord-tenant relationship between parties and, thus, "it was not necessary for the trial court to determine whether the foreclosure was valid before awarding possession to Countrywide"); *Rice*, 51 S. W.3d at 709-10 (holding justice and county courts had jurisdiction in forcible- detainer action because deed of trust established a landlord and tenant-at- sufferance relationship, which, unlike in *Mitchell*, provided an "independent basis on which the trial court could determine the issue of immediate possession without resolving the issue of title to the property"); *Dormady*, 61 S.W.3d at 559 (holding justice and county courts had jurisdiction in forcible-detainer action, observing that the situation in *Mitchell* was "not the situation in this case where a landlord-tenant relationship is established in the original deed of trust" that "provides a basis for determining the right to immediate possession without resolving the ultimate issue of title to the property.").

23.     Plaintiff has not argued that there is any basis for its claimed possession rights other than the title rights it gained through the disputed foreclosure. Thus, in this case-unlike the *Morris*, *Bruce, Elwell, Rice* and *Dormady* cases cited above-- there is no independent basis aside from Plaintiff's claim that it has superior title

rights. Rather, like in *Mitchell, Yarto,* and *Hopes,* Plaintiff's claim to possession in this FED proceeding rests solely on its claim to have purchased the Property at a valid substitute sale. Accordingly, this Court "has no subject matter jurisdiction over the FED Petition. Therefore, the Court must dismiss this FED Action.

## The Texas Non-Judicial Foreclosure and Forcible Detainer Scheme is Preempted by Federal Law

24. The United States Supreme Court enumerated three ways in which federal law can preempt state law: by express preemption, by field preemption, and by implied or conflict preemption, "which applies "'where compliance with both federal and state regulations is a physical impossibility, ... or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objecti[ves] of Congress.'" *Scarborough v. Winn Residential L.L.P./Atlantic Terrace Apartments*, 890 A.2d 249, 255 (2006), quoting *Boggs v. Boggs,* 520 U.S. 833, 844, 117 S.Ct. 1754, 138 L.Ed.2d 45 (1997) (citations omitted).

25. In enacting Regulation X, Congress only specifically addressed preemption with respect to state laws that created notice obligations. *See,* 12 C.F.R. 1024.33(d), 24 C.F.R. 3500.21(h) (providing that state law provisions requiring notice to a borrower under certain circumstances are preempted, while state laws creating an obligation to notify insurance companies or taxing authorities are not preempted).

26. The Texas non-judicial foreclosure and forcible detainer scheme conflicts with the intent of Regulation X, and is therefore preempted. 12 U.S.C. Regulation X (RESPA), i.e., (10) and 12 C.F.R 1024.41 (g), prohibit a loan servicer from proceeding with a scheduled foreclosure, if the loan servicer received a completed loan modification application and did not provide the borrower with a

rejection letter at least 30 days before the scheduled foreclosure sale. Texas law allows a mortgage servicer to nonjudicially foreclose on a homestead without complying with Regulation X, and then provides a method by which the mortgage servicer (or any third party purchaser from the servicer) can remove the homeowner from their property, while giving them no opportunity to challenge the failure to comply with Federal law. In effect, a loan servicer who proceeds with a nonjudicial foreclosure and eviction in violation of Regulation X is given a quick, easy and cheap method to deprive a Texas citizen of their homestead in violation of Federal law, circumventing the clear intent of Congress.

### Prayer

27. Appellant prays that this Court find that Appellee's failure to comply with Federal laws governing foreclosure of loans secured by a homestead renders the Substitute Trustee Deed *void ab initio*, necessitating a decision as to title, and thereby deprives the lower courts of jurisdiction to hear the forcible detainer action.

28. Appellant prays that this Court find that RESPA and Regulation X preempt state law, preventing a foreclosure and eviction when: (a) a homeowner has submitted a loan modification application 37 days before foreclosure; and (b) the homeowner is not provided a rejection letter prior to foreclosure.

Date: August 6, 2015

Respectfully submitted,

/s/ James Minerve

_____
James Minerve
State Bar No. 24008692

115 Saddle Blanket Trail
Buda, Texas 78610
(210) 336-5867
(888) 230-6397 (Fax)
Email: jgm@minervelaw.com
Attorney for Appellant Dolores Reynoso

## CERTIFICATE OF COMPLIANCE

I, James Minerve, counsel for Appellant, DOLORES REYNOSO, certify that this document was computer-generated, and that the number of words, pursuant to the terms of Texas Rule of Appellate Procedure 9.4(i), is 3,148.


/s/ James Minerve
_____
James Minerve

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and correct copy of the above and foregoing document was sent to the Appellee in accordance with the Texas Rules of Civil Procedure on this 6th day of August, 2015:

RL WILSON LAW FIRM
Trey Wilson
111 W. Olmos Dr.
San Antonio, Texas 78212
(210) 335-2147
(210) 930-9353 Fax
Rwl3d@sa-law.com

/s/ James Minerve

_____
James Minerve

## Appendix

1. Judgment, Justice Court Precinct 1, Bexar County, Texas
2. Judgment, Bexar County Court at Law Number Three